## COMMONWEALTH *vs.* ALEXANDER C. FELTON.

Since the passage of the U. S. St. of 1864, *c.* 106, making the embezzlement of the funds of a national bank by one of its officers a misdemeanor indictable in the federal courts, an accessory to such embezzlement by an officer of a national bank cannot be indicted for a felony under the Gen. Sts. *c.* 161, § 39, and *c.* 168, § 4, in the courts of the Commonwealth; even though he is not indictable in the federal courts.

INDICTMENT charging that James D. Martin, as cashier of the National Hide and Leather Bank, a banking association incorporated under the laws of the United States, embezzled the funds of the bank, and that Alexander C. Felton was an accessory thereto before the fact.

The defendants filed separate pleas to the jurisdiction, alleging that the United States courts had exclusive cognizance of the offences charged in the indictment, as against both defendants, and that they both had, before the pendency of this indictment, been indicted in the United States circuit court. In the superior court, *Ames,* C. J., allowed Martin's plea, but overruled the plea of Felton, who thereupon pleaded *nolo contendere* and alleged exceptions.

*A. A. Ranney,* for Felton.

*C. Allen,* Attorney General, (*J. C. Davis,* Assistant Attorney General, with him,) for the Commonwealth. An indictment may be maintained in the courts of this Commonwealth for being accessory before the fact to an embezzlement, by a bank officer, of the funds of a national bank. It may be conceded that the United States courts have exclusive jurisdiction of the offence committed by the bank officer. Still, that offence is fully within the terms of the Gen. Sts. *c.* 161, § 39, and, in the absence of any statute of the United States covering the offence the principal would be punishable under the laws of the Commonwealth. *Commonwealth* v. *Tenney,* 97 Mass. 56. But for the passage of the U. S. St. of 1864, *c.* 106, the courts of the Commonwealth would clearly have had jurisdiction of the offence charged against Felton, as well as jurisdiction of the offence committed by the principal. The latter jurisdiction is

by that statute transferred to the United States courts, but not the former. Is the former therefore destroyed, and the criminal rendered dispunishable ? The United States may well punish the principal, and the Commonwealth the accessory. There is nothing to prevent national and state courts from exercising concurrent jurisdiction over both principal and accessory, if the United States statute should so provide. The jurisdiction of the Commonwealth to punish criminals does not rest on any concession by Congress. Under our statutes, and independently of the United States statute, the cashier would be punishable as principal, and Felton as accessory. Jurisdiction over the offence of the cashier has been taken away. Why should not the jurisdiction over the accessory remain ?

AMES, J. The indictment against this defendant charges him with a crime of so grave a character, that it ought to be made a matter of judicial investigation somewhere, upon the facts and merits. But as he is indicted for the same transaction in two different jurisdictions, namely, in the circuit court of the United States and in the superior court of this Commonwealth, it becomes necessary to decide to which, if to either, of these two jurisdictions he is properly amenable; or, to state the question with more strict accuracy, whether he is liable to be proceeded against under the laws of this Commonwealth.

The statutes of this Commonwealth (Gen. Sts. c. 161, § 39) have made full and ample provision for the case of the embezzlement or fraudulent appropriation by any cashier or other officer of any incorporated bank, of any of the funds of such bank. This description of crime, by our laws, is a felony, and is punishable by imprisonment in the state prison. It has recently been decided that the language of this statute is broad enough to include banking corporations organized under the laws of the United States and located in Massachusetts, as well as like corporations created by the laws of this state. *Commonwealth* v. *Tenney,* 97 Mass. 50. So far as the case depends on our own legislation, and if nothing has been done to impair the jurisdiction of our own tribunals in such a case, there can be no doubt that Martin the cashier of the Hide and Leather

National Bank, could well be indicted and tried in the superior court for embezzlement of the funds of the bank, and this defendant could also in like manner be indicted jointly with him, or separately, as accessory before the fact to the same embezzlement.

But the act of congress, (U. S. St. 1864, c. 106,) from which the national banks derive their existence and organization, contains a section (§ 39) which also makes full and ample provision for the punishment of the crime of embezzlement and fraudulent appropriation of any funds of a national bank by any cashier, &c., of such bank. It exactly covers the crime imputed to Martin. It declares that description of crime to be a misdemeanor, and makes it punishable by imprisonment in the state prison. It makes no provision or reservation for its prosecution and punishment by any state authority, but makes it cognizable under the authority of the United States. By the terms of the judiciary act, (U. S. St. 1789, c. 20, § 11,) the courts of the United States are vested with the exclusive cognizance of all crimes that are made punishable by act of congress, except where the act of congress makes other provision; and it would therefore seem that the crime of embezzlement by a cashier of a national bank located within our territory is taken out of the jurisdiction of our courts. This is at least strongly implied in *Commonwealth* v. *Tenney*, and in fact is conceded by the learned attorney general in the argument of this case. See also *Commonwealth* v. *Fuller*, 8 Met. 313. If Martin, then, as a bank officer, is not amenable in our courts for embezzlement from the bank, can Felton be indicted in the same courts, as an accessory before the fact, for the same embezzlement ? The technical and somewhat narrow rule of the common law, on the subject of principal and accessory, has been very extensively and reasonably enlarged by modern legislation. " Whoever counsels, hires or otherwise procures a felony to be committed, may be indicted and convicted as an accessory before the fact, either with the principal felon, or after his conviction; or may be indicted and convicted of a substantive felony, whether the principal felon has or has not been convicted, or is or is not amenable to jus-

tice." Gen. Sts. *c.* 168, § 4. But the difficulty in the way of holding the defendant upon the present indictment is, that the act of congress has taken the crime of the principal out of our jurisdiction. Our courts cannot deal with him upon that charge. By the terms of the same act, which in this matter is tne controlling authority, the crime of the principal has ceased to be a felony, and has become a misdemeanor only — a description of crime in which there are no accessories. A defaulting cashier of a national bank, however flagrant his embezzlement may be, so far from being a principal felon, is not in legal strictness a felon at all; and it would seem to be impossible, therefore, to say that Felton, even if he in fact counselled, hired or otherwise procured the crime to be committed, can be said to be thereby rendered accessory to a felony, within the terms of the above cited statute. Gen. Sts. *c.* 168, § 4. The effect of our decision may very probably be to leave what is charged as a great crime to go wholly unpunished and untried; but that is a result which we have no power to prevent. *Exceptions sustained.*