## COMMONWEALTH *vs.* ALBERT DAVIS.

The felonious taking of goods from the owners' shop by a clerk and packer in their employ who had keys by means of which, at the time in question, he entered the shop after it was closed, but who was not a salesman, although the owners had occasionally allowed him to take and sell goods for them, is larceny and not embezzlement.

INDICTMENT for receiving stolen goods, the property of Joseph W. C. Seavey, Charles Foster and John A. Bowman.

At the trial in the superior court, before *Pitman*, J., it appeared that the defendant received the goods from Jeremiah Brown, a clerk in the employ of the firm of Seavey, Foster & Bowman. A member of the firm testified that " on October 7, 1869, after their shop was closed, the witness, remaining in the shop, saw Brown enter by means of keys which he had, and take two boxes of silk twist " (which there was evidence were among the goods alleged in the indictment to have been received by the defendant) " from the shelf and go off with them; that Brown was not a salesman but a clerk and packer; that he occasionally, however, sold when the regular salesmen were absent or busy; that the firm had sometimes allowed him to take goods and sell them to parties in East Boston, where he lived, accounting to them for the proceeds; but that he had not made any such sales, or taken any goods for such purpose to their knowledge since April 1869." It appeared that all the goods charged in the indictment were taken since July 1869. There was no evidence that Brown had any other custody or possession of said goods other than as appeared or might be inferred from the above evidence.

The defendant contended that Brown's conduct was an act of embezzlement, not of larceny; but the judge instructed the jury that, " upon the undisputed evidence in the case, Brown did not sustain such a relation to the property in question as would make his felonious appropriation of it an act of embezzlement, but that his taking of the same, if the jury found the other elements necessary to constitute the offence, would be larceny, and the property would be rightly described as stolen property."

The defendant was convicted, and alleged exceptions.

*F. A. Perry*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

Morton, J. The instructions of the court that " upon the undisputed evidence in the case Brown did not sustain such a relation to the property in question as would make his felonious appropriation of it an act of embezzlement, but that his taking of the same, if the jury found the other elements necessary to constitute the offence, would be larceny," were correct. Brown was a mere servant of the owners of the property alleged to be stolen by him. We cannot see in the case any testimony which tends to show that he had even the bare custody of the goods, much less the legal possession. They were in the possession and custody of the owners, and the felonious taking and appropriation of them by Brown was clearly larceny and not embezzlement. Upon the facts in this case an indictment against him for embezzlement could not be sustained. *Commonwealth* v. *Berry*, 99 Mass. 428. *Exceptions overruled.*