### ARGUED AND DETERMINED

##### IN THE

# SUPREME JUDICIAL COURT

##### OF

# MASSACHUSETTS.

---

### COMMONWEALTH *vs.* JOSEPH T. BARRY.

Berkshire.    September 8. — 12, 1874.    MORTON & ENDICOTT, JJ., absent.

The U. S. St. of 1864, *c.* 106, § 55, making the embezzlement of the funds of a national bank by one of its officers a misdemeanor, does not interfere with the jurisdiction of state courts over larcenies committed upon the property of a national bank by one of its officers.

The fact that a person who has stolen property belonging to a national bank is an officer of the bank and subject to punishment for embezzlement under the U. S. St. of 1864, *c.* 106, § 55, does not relieve him from his liability to punishment for the same act as a larceny at common law or under the statutes of a state.

Where money belonging to a bank is intrusted to the care of the teller during the day, but at night is placed in a safe, which he cannot rightfully open, if he abstracts the money from the safe at night and converts it to his own use, his offence is larceny and not embezzlement.

The offence of receiving stolen property is a substantive crime in itself, and not merely accessorial to the principal offence of larceny.

INDICTMENT on the Gen. Sts. *c.* 161, § 43, charging the defendant on October 21, 1871, with feloniously buying and receiving and aiding in the concealment of certain legal tender notes and bank bills of the goods, chattels and moneys of the National Mahawie Bank, knowing the same to have been feloniously stolen, the said legal tender notes and bank bills having been

before then feloniously stolen, taken and carried away by one William S. Hine.

At the trial in the Superior Court, before *Rockwell*, J., the defendant pleaded in bar to the jurisdiction that the offence set forth in the indictment was only cognizable by the Circuit Court of the United States for the District of Massachusetts; but the presiding judge disallowed and overruled the plea.

William S. Hine was called as a witness, and testified as follows: "I was the book-keeper and teller of the National Mahawie Bank of Great Barrington, Massachusetts, from February 1, 1869, to October 21, 1871, inclusive; as such teller I had the control of the combination locks of three of the four doors of the vault and safe, (there being two doors on the vault and two on the safe,) the cashier had the other combination; without a knowledge of the combinations of these four locks, access could not be obtained to the inner safe, in which the money of the bank was kept; the cashier did not have the combinations of the three locks which I had, nor I of the one which he had, which was that of the outside door of the inner safe, being the third door of the vault. At noon, October 21, 1871, the cashier left the bank to go to dinner, putting the money into the vault, and locked the outside door of the vault, leaving the outside door of the inner safe standing open; I opened the outer door of the vault, the combination of which lock I had, and finding the outside door of the inner safe open, I took a screw driver and removed the brass box which held the number of the combination on that door, and in that way obtained a knowledge of the combination of that lock, which enabled me to unlock that door when locked while that combination was in use. There being an error in the books of the bank, the cashier and I remained in the bank that evening till half-past eight o'clock, at which time I placed the money in the safe and fastened the doors; the cashier and I then left the bank together, he going towards his home, and I then returned to the bank, unlocked the door, entered the bank, lighted a candle, and unlocked the doors of the safe and vault, using the same combinations which existed at noon-time, and removed all the funds and money of the bank, wrapped them up in a paper and left the bank, locking all the doors, and proceeded with the money to my boarding-house. On Friday, October 20, 1871, I

received notice from the cashier that I would be discharged from the employ of the bank on account of my irregular habits; on the evening of that day, at about nine o'clock, having made up my mind to take the funds of the bank, I met the defendant Barry in the streets of Great Barrington, and asked him to drive me to Pittsfield the next afternoon, as I wanted to take the nine o'clock P. M. train from Pittsfield to Albany, and agreed to give him $50 if he would get me there in time to do so ; he seemed astonished at the offer ; I told him if I chose I could take the funds of the bank, and I thought of doing so the next day; he asked me if I meant business, and I said yes ; we then proceeded down the railroad track some distance, and I then disclosed to him my plans; this was the commencement of the defendant's knowing or having anything to do in the transaction; after I had taken the funds of the bank to my boarding-house, and placed them in a satchel, I proceeded with the money from my boarding-house to Humphrey's Bridge, the place agreed upon for meeting Barry; I found Barry there without a conveyance of any kind, and we then concluded to walk to Van Deusenville, where I was to take the cars, and did so; I took from the satchel three packages of money, amounting in all to about $1700, and delivered them to the defendant Barry, and took the train for Pittsfield ; that was the last I saw of Barry."

It was proved that Hine at January term, 1872, of the Superior Court in Berkshire, had pleaded guilty to an indictment for larceny of $24,894 of the moneys of the said National Mahawie Bank from the building of said bank, and been sentenced thereon to the house of correction for two years.

The government proved the organization of the National Mahawie Bank, under the laws of the United States, and in accordance with the provisions of the acts of Congress in relation to the organization of national banks contained in the U. S. St. 1864, c. 106.

The defendant asked the judge to rule that upon this evidence his offence was not within the jurisdiction of the court. The judge declined so to rule ; the jury returned a verdict of guilty and the defendant alleged exceptions.

*J. M. Barker,* (*E. M. Wood* with him,) for the defendant. 1. The offence of the defendant was only cognizable by the courts

of the United States. It appeared in evidence that Hine was the teller of the National Mahawie Bank, which was organized under the U. S. St. of 1864, *c.* 106, and that while such teller, he abstracted, and took from the vault of the bank a large sum of money belonging to the bank, and converted it to his own use. This was an offence under § 55 of that act, and was punishable as a misdemeanor. There was evidence tending to show that the defendant aided and abetted Hine in taking said money and converting it to his own use, advising with him in regard to taking the money, and assisting him in carrying the same to Van Deusenville, and receiving and concealing a portion of the same. By so doing he committed an offence under the U. S. St. of 1869, *c.* 145. The offence was only cognizable by the courts of the United States. The U. S. St. of 1789, *c.* 20, § 11, provides that the Circuit Courts of the United States " shall have exclusive cognizance of all crimes and offences cognizable under the authority of the United States, except where this act otherwise provides, or the laws of the United States shall otherwise direct." No law of the United States gives to the state courts cognizance of offences under the U. S. St. of 1864, *c.* 106, or the U. S. St. of 1869, *c.* 145. It therefore follows that the state courts have no jurisdiction of the offence committed by the defendant. *Commonwealth* v. *Felton*, 101 Mass. 204. *Prigg's Case*, 16 Pet. 539, 617. *Houston* v. *Moore*, 5 Wheat. 1, 27. 1 Kent Com. (12th ed.) 399. *Commonwealth* v. *Fuller*, 8 Met. 313, 319. *Commonwealth* v. *Tenney*, 97 Mass. 50.

2. The offence of Hine, as stated in his own testimony, was embezzlement, and not larceny. He was the teller of the bank; that is, the officer who receives and pays out its money ; and, as he testifies, that upon that evening at half past eight o'clock, he himself placed the moneys of the bank in the safe, inside the vault, and fastened the doors ; as teller of the bank he could lawfully take its moneys from the safe and pay them to third persons, and his office of teller continued in the night time as well as during the day. This case is distinguishable from *Commonwealth* v. *Davis*, 104 Mass. 548, by the fact that in the latter case the defendant had no right to remove the goods, or to sell them, or had even the bare custody of them, being simply a clerk and packer in the employ of the owner of the goods.

3. It is entirely immaterial whether the crime of Hine was embezzlement or larceny. Whichever it was, all the acts which he did from the time when he took the money out of the vault, until he and the defendant parted at Van Deusenville, constituted an offence under the U. S. St. of 1864, *c.* 106, § 55, and in doing all these acts he was, according to the testimony, aided and abetted by the defendant, who, in doing all that he did, committed an offence under the U. S. St. of 1869, *c.* 145, which offence was cognizable by the courts of the United States and only there.

*C. R. Train,* Attorney General, for the Commonwealth.

WELLS, J. The only question argued before us by the defendant is that of jurisdiction. It is contended that when an offence is punishable both by the laws of a state and by those of the United States, the jurisdiction of the courts of the latter excludes that of the state courts, unless otherwise provided by the laws of the United States.

If we assume that position to be correct, it does not meet this case. The offence charged in the indictment, upon which the defendant was found guilty, is that of receiving and aiding in the concealment of stolen property, under the Gen. Sts. *c.* 161, § 43. The count recites the previous larceny of the property, consisting of money, from the National Mahawie Bank, by William S. Hine. Both this and the principal offence of Hine, as set forth, are independent of any trust, and of any relation of either to the bank as officer, clerk or agent. But such relation and breach of trust are essential elements in the offence punishable under the laws of the United States. The U. S. St. of 1864, *c.* 106, § 55, provides: " That every president, director, cashier, teller, clerk, or agent of any association, who shall embezzle, abstract or wilfully misapply any of the `moneys, funds or credits of the association " shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by imprisonment not less than five nor more than ten years. The two offences are essentially different. The statute of the United States does not purport to punish larceny as such. The obvious inference is that Congress did not intend to interfere with the jurisdiction of state laws and state courts over offences of that class against the property of national banks.

The defendant contends that, as it appeared in evidence that Hine was in fact teller of the bank, and was enabled through that position to secure the means by which to " abstract " the funds from its vault, his offence comes within the terms of the statute of the United States, and is punishable exclusively under it; and therefore that the accessorial offence of Barry cannot be punished at all. *Commonwealth* v. *Felton*, 101 Mass. 204.

In our opinion, neither branch of this proposition can be maintained. In the first place, if the fact that Hine was teller of the bank subjects him to the punishment imposed for his breach of trust in that capacity, under the statute of the United States, it does not relieve him from his liability to punishment for the larceny at common law or under statutes of the state. There is no identity in the character of the two offences, although the same evidence may be relied upon to sustain the proof of each. An acquittal or conviction of either would be no bar to a prosecution for the other. *Commonwealth* v. *Tenney*, 97 Mass. 50. *Commonwealth* v. *Hogan*, 97 Mass. 122. *Commonwealth* v. *Harrison*, 11 Gray, 308. *Commonwealth* v. *Shea*, 14 Gray, 386. *Commonwealth* v. *Carpenter*, 100 Mass. 204. *Morey* v. *Commonwealth*, 108 Mass. 433. Exclusive jurisdiction of the one does not exclude jurisdiction of the other.

Upon the facts stated it is clear that the offence of Hine was larceny and not embezzlement. Although as teller he was intrusted with funds of the bank while engaged in transacting its business, at night they were withdrawn from his possession and placed in such custody that he could not lawfully resume possession until the return of business hours and the concurrence of the cashier authorized him to do so. That custody was possession by the bank; and his wrongful violation of it made the taking of the funds larceny. *Commonwealth* v. *Berry*, 99 Mass. 428. *Commonwealth* v. *Davis*, 104 Mass. 548.

In the second place the offence of receiving stolen property is a substantive crime in itself, and not merely accessorial to the principal offence of larceny. In this respect the case is clearly distinguishable from that of *Commonwealth* v. *Felton, supra.*

*Exceptions overruled.*