## THE PEOPLE v. CHARLES W. FONDA.

62 401
s29NW 26
e188US 234
189US 198

*Embezzlement—By clerk or agent of national bank of its funds—Is punish-able in the federal courts—State courts have no jurisdiction to try such offender.*

The State courts have no jurisdiction of a criminal prosecution against the clerk or agent of a national bank for the larceny and embezzle-ment of its funds, such offense being punishable in the federal courts under U. S. Revised Statutes, § 5209, and the jurisdiction of the State courts being expressly excluded by U. S. Revised Statutes, § 711.

Error to St. Joseph. (Pealer, J.)    Argued June 23, 1886. Decided July 15, 1886.

Information for embezzlement.    Respondent convicted. Conviction reversed and respondent discharged.    The facts are stated in the opinion.

*Orris P. Coffinberry, Chamberlain & Guise,* and *Edwin F. Conely,* for respondent :

It is well established that Congress may exclude the jurisdiction of the state courts over offenses within the power of Congress to punish :    *Houston v. Moore,* 5 Wheaton, 1 ; *The Moses Taylor,* 4 Wall. 411 ; *Martin v. Hunter,* 1 Wheaton, 304 ; *Com. v. Fuller,* 8 Metc. 313 ; 1 Kent's Com. 299.

In all criminal prosecutions under the federal laws the accused must be tried by jury under regulations established by Congress :    Const. U. S. Art. 3, § 2 ; Id. Art. 6 of Amendments.

*Moses Taggart,* Attorney General (*H. H. Riley,* of counsel), for the People.

SHERWOOD, J.    The complaint against the respondent in this case is criminal, and was made by Charles W. Cond, president of the Farmers' National Bank of Constantine, in behalf of the bank, for the larceny and embezzlement of its funds, while the respondent was engaged in its employment as clerk or servant.

The Farmers' National Bank of Constantine, at the time the alleged crime was committed, was " an incorporated banking institution, organized and existing under the laws of the United States providing for the creation of national banking associations."

The information against respondent contains nine counts, upon two of which (the third and fourth) he was tried and convicted of the offense stated therein, in the St. Joseph circuit, at the last October term, and was, upon such conviction, sentenced to imprisonment at Jackson for the period of three years and six months.

The case is now before us for review on error.

The counts upon which the conviction was had were as follows:

"*Third Count.* And the said prosecuting attorney, who prosecutes as aforesaid, further gives the said court here to understand and be informed that Charles W. Fonda, late of the township of Constantine, in the county of St. Joseph aforesaid, on the twenty-fifth day of January, A. D. 1881, at the village of Constantine, in the county aforesaid, being then and there a servant and clerk of the Farmers' National Bank of Constantine, Michigan, 'an incorporated banking institution, organized and existing under the laws of the United States providing for the creation of national banking associations,' and not being then and there an apprentice, nor other person under the age of sixteen years, did, by virtue of his said employment, then and there, and whilst he was a servant and clerk as aforesaid, receive and take into his possession certain money to a large amount, to the amount of two thousand dollars, and of the value of two thousand dollars, of the property of the said Farmers' National Bank of Constantine, Michigan, and which said money came to the possession of the said Charles W. Fonda by virtue of said employment; and the said money then and there fraudulently and feloniously did embezzle and convert to his own use, without the consent of the said Farmers' National Bank of Constantine, Michigan, his said employer.

"And the said Charles W. Fonda then and there, in manner and form aforesaid, the said money, the property of the said Farmers' National Bank of Constantine, Michigan, his said employer, from the said Farmers' National Bank of Constantine, Michigan, feloniously did steal, take, and carry away, against the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan.

"*Fourth Count.* And the said prosecuting attorney, who prosecutes as aforesaid, further gives the said court here to understand and be informed that Charles W. Fonda, late of the township of Constantine, in the county of St. Joseph aforesaid, on the fourth day of December, A. D. 1880, at the village of Constantine, in the county aforesaid, being then and there a servant and clerk of the Farmers' National Bank of Constantine, Michigan, 'an incorporated banking institution, organized and existing under the laws of the United States providing for the creation of national banking associations,' and not being then and there an apprentice, nor other person under the age of sixteen years, did, by virtue

of his said employment, then and there, and whilst he was a servant and clerk as aforesaid, receive and take into his possession certain money to a large amount, to the amount of one thousand dollars, and of the value of one thousand dollars, of the property of the said Farmers' National Bank of Constantine, Michigan, and which said money came to the possession of the said Charles W. Fonda by virtue of said employment; and the said money then and there fraudulently and feloniously did embezzle and convert to his own use, without the consent of the said Farmers' National Bank of Constantine, Michigan, his said employer.

"And the said Charles W. Fonda then and there, in manner and form aforesaid, the said money, the property of the said Farmers' National Bank of Constantine, Michigan, feloniously did steal, take, and carry away, against the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

The statute under which the conviction was had at the circuit reads as follows:

"If any officer, agent, clerk, or servant of any incorporated company, or of any city, township, incorporated town or village, school district, or other public or municipal corporation, or if any clerk, agent, or servant of any private persons, or of a copartnership, except apprentices, and other persons under the age of sixteen years, shall embezzle, or fraudulently dispose of, or convert to his own use, or shall take or secrete, with intent to embezzle and convert to his own use, without consent of his employer or master, any money or other property of another, which shall have come to his possession, or shall be under his charge, by virtue of such office or employment, he shall be deemed by so doing to have committed the crime of larceny." How. Stat. § 9151.

This statute was passed by the Legislature prior to the national banking system, and could not, therefore, have special reference to the national legislation creating that system, however clearly the crime of the respondent may be described in the statute. Rev. Stat. 1838, p. 630, § 27; Rev. Stat. 1846, p. 666, § 29.

At the time the alleged act of embezzlement was committed the respondent was in the bank, and in its service, as clerk.

The question raised in this case is: The federal government having declared the act charged against this respondent a criminal offense, and provided for the apprehension, trial, and conviction of the offender under its laws, had the State court any jurisdiction, concurrent or otherwise, to deal with the respondent under the State statute making the same act criminal, and providing for its punishment? The learned counsel for the respondent claim that the jurisdiction of the federal court in the case is complete and exclusive; that the offense charged in the information is for the violation of a federal law; and that the punishment therefor has been become fixed and established, and the whole subject has been covered by the legislation of Congress.

The Constitution of the United States provides as follows:

"This constitution, and the laws of the United States which shall be made in pursuance thereof, and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding." Const. U. S. Art. 6.

The statute passed by Congress punishing the offense charged in the information is as follows:

"Every president, director, cashier, teller, clerk, or agent of any association, who embezzles, abstracts, or willfully misapplies any of the moneys, funds, or credits of the association; or who, without authority from the directors, issues or puts in circulation any of the notes of the association; or who, without such authority, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, signs any note, bond, draft, bill of exchange, mortgage, judgment, or decree; or who makes any false entry in any book, report, or statement of the association, with intent, in either case, to injure or defraud the association, or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association; and every person who, with like intent, aids or abets any officer, clerk, or agent in any violation of this section,—shall be deemed guilty of a misdemeanor, and

shall be imprisoned not less than five years nor more than ten." Rev. Stat. U. S. § 5209.

An examination of this statute, I think, must convince any one that the offense described in this information is clearly defined therein, and falls within the scope of the act, and within the jurisdiction of the federal court, and, if that jurisdiction is exclusive in the case, but little remains to be said,—if it is, the conviction cannot be maintained.

Is the jurisdiction concurrent with that of the State, is the only remaining question.

Section 711 of chapter 12 of the Revised Statutes of the United States provides that—

" The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned shall be exclusive of the courts of the several states. *First*, of all crimes and offenses cognizable under the authority of the United States."

The other clauses of the section need not be here given, as none of them relate to criminal jurisdiction.

Congress, by law, created the national banking system, and provided for its internal workings, and prescribed a punishment for the offense charged against the respondent. Rev. Stat. U. S. tit. 62.

It seems to me, clearly, the case is one falling within the paragraph of section 711 above quoted, and that by the federal law itself the jurisdiction of the State is expressly excluded.

Chancellor Kent, in his Commentaries, in concluding his discussion of the matter, says :

" In judicial matters the concurrent jurisdiction of the state tribunals depends altogether upon the pleasure of Congress, and may be revoked and extinguished whenever they think proper, in every case in which the subject-matter can constitutionally be made cognizable in the federal courts ;. and without an express provision to the contrary, the state courts will retain a concurrent jurisdiction in all cases where they had jurisdiction originally over the subject-matter. " 1 Kent, Comm. 400.

And there are other authorities to the same effect. *Delafield v. State*, 2 Hill, 159; *Houston v. Moore*, 5 Wheat. 22; *Harlan v. People*, 1 Doug. (Mich.) 207; *Snoddy v. Howard*, 51 Ind. 411; *Hendrick's Case*, 5 Leigh, 713; *Com. v. Hall*, 97 Mass. 570.

It is also held that in cases to which the jurisdiction of the state courts might extend, in the absence of any action by Congress, where Congress does assume jurisdiction, its control then becomes paramount and exclusive. *The Moses Taylor*, 4 Wall. 411; *Ex parte Bridges*, 2 Woods (U. S.), 428; *Ex parte Houghton*, 7 Fed. Rep. 657; *Brown v. U. S.*, 14 Amer. Law Reg. 566; *Sturges v. Crowninshield*, 4 Wheat. 139; *Prigg v. Com.*, 16 Pet. 539; *Martin v. Hunter*, 1 Wheat. 304; *Houston v. Moore*, 5 Id. 1; *State v. Pike*, 15 N. H. 83; *State v. Adams*, 4 Blackf. 146; *Com. v. Fuller*, 8 Metc. 313; *Com. v. Tenney*, 97 Mass. 50; *Com. v. Felton*, 101 Id. 204; *People v. Kelly*, 38 Cal. 145; 3 Story, Const. Law, 623.

*Com. v. Felton* states the conclusion of the matter in that case in language quite applicable to the present. The respondent was charged in that case with being an accessory to an embezzlement by an officer of a national bank. In delivering the opinion of the court Mr. Justice Ames said:

" The difficulty in the way of holding the defendant upon the present indictment is that the act of Congress has taken the crime of the principal out of our jurisdiction, and our courts cannot deal with him upon that charge."

As the case comes to us upon this record, I do not think the judgment should be allowed to stand. The circuit court was without jurisdiction.

The judgment must be reversed and prisoner discharged.

CAMPBELL, C. J., and CHAMPLIN, J., concurred. MORSE, J., concurred in the result.