UNITED STATES *v.* BUSKEY.

*(Circuit Court, E. D. Virginia.* January 25, 1889.)

COURTS — FEDERAL JURISDICTION — EMBEZZLEMENT BY OFFICER OF NATIONAL BANK.

The United States circuit court has exclusive jurisdiction of the prosecution of an officer of a national bank for embezzling the funds of such bank, under Rev. St. U. S. § 5209, declaring that an officer of a national bank who embezzles its funds shall be punished by imprisonment, and under the judiciary act, declaring that the jurisdiction of the circuit court of the United States shall be exclusive in the trial of all crimes or offenses against the laws of the United States, except where it is otherwise provided.

Indictment for Offenses under the National Banking Acts.

*J. Catlett Gibson,* U. S. Dist. Atty., and *James Lyons,* Asst. U. S. Dist. Atty.

*R. C. Marshall,* for defendant.

HUGHES, J. The defendant is under several indictments in this court for having as an officer of the Norfolk National Bank embezzled, abstracted. and misapplied moneys, funds, and credits of the bank, and for other offenses. Motión is made by counsel to postpone the trial of the indictments on the ground that, before he was indicted here, prosecutions had been commenced in the corporation court of Norfolk for the same acts with which he is charged here, and should not be interfered with by this court. The penal section of the national banking act (5209 of the Revised Statutes) declares that if an officer of a national bank abstracts, embezzles, or misapplies the moneys, funds, or credits of the bank, he shall be punished by imprisonment. And the judiciary act in the section defining the jurisdiction of the circuit courts of the United States, which it does in terms that have been repeated in every act from 1789 to August 13, 1888, declares that this jurisdiction shall be exclusive in the trial of all crimes or offenses against the laws of the United States, except where it is otherwise provided. Section 5209, relating to frauds

upon national banks, does not "provide otherwise." So that the trial of officers of national banks who are charged with abstracting, embezzling, or misapplying moneys, funds, or credits of those banks is within the exclusive jurisdiction of the courts of the United States, and, being exclusively so, the trial cannot proceed in other courts. Indeed, the general rule is, whether the prosecution be for frauds upon national banks or not, that where a penal federal statute defines the person and the act which bring any case within the exclusive cognizance of the federal court, then that court has exclusive jurisdiction; but where the person commits some other act than the one defined, or where the act is committed by some other person than the one defined, then, in either case, the trial of the indictment must or may proceed in another court.

The rule is well illustrated in respect to frauds upon national banks by two decisions of the supreme court of Massachusetts. In the case of *Com.* v. *Felton,* 101 Mass. 204, an indictment had been prosecuted in the court below, charging Martin, an officer of a national bank, with embezzlement of its funds, and Felton with aiding and abetting the embezzlement. In its original form, section 5209 of the Revised Statutes did not make aiding and abetting an embezzlement of the funds of a national bank a crime against the United States. Pleas had been entered by each defendant to the jurisdiction of the state court, based on the ground that the United States circuit court had exclusive jurisdiction. In the superior court, AMES, C. J., allowed Martin's plea, but overruled the plea of Felton, who thereupon pleaded *nolo contendere,* and alleged exceptions. On writ of error to the supreme court, that court held that Martin, having been an officer of a national bank, who had embezzled funds of his bank, the case fell within the penal section of the national banking act, and, the jurisdiction of the federal court being exclusive in such a case, Martin could not be prosecuted in a state court, and the proceedings against him there, having been *coram non judice,* were null and void. It sustained Martin's plea to the jurisdiction. As to Felton's plea that the state inferior court had no jurisdiction of the crime of aiding and abetting an embezzlement of the funds of a national bank, the court sustained his plea also. As before stated, the penal clause of the national banking act did not, in its original form, make the aiding and abetting of such a bank's funds an offense against the United States. The supreme court held that the state court had no jurisdiction of Felton's offense, and had erred in proceeding in the case to conviction, because, and only because, he could not be prosecuted in the state court for aiding and abetting a crime that was not cognizable in that court.

The other decision of that court to which I referred was that of *Com.* v. *Barry,* 116 Mass. 1. There the defendant had been prosecuted to conviction in the court below for receiving from an officer of a national bank money which that officer had embezzled, knowing that it had been stolen. The defendant had pleaded to the jurisdiction, insisting that the circuit court of the United States had exclusive cognizance. On writ of error to the supreme court that court held that, inasmuch as

the penal section of the national banking act did not make the receiving of embezzled money of a national bank by a person not an officer of the bank an offense against the United States, the case of the defendant was cognizable in the state court, and his plea must be overruled. These cases are sufficient to illustrate the law of jurisdiction on this subject, and I need not cite any others. It is true that the courts of two or three other states have held otherwise, but in all such decisions the phrase "exclusive jurisdiction" is construed to mean "concurrent jurisdiction," and the term "exclusive" is held to mean "not exclusive." I am sorry that my own mind is incapable of comprehending the logic by which plain words having plain meanings are thus metamorphosed into other words with other meanings. The law giving exclusive jurisdiction of offenses against the United States to the courts of the United States is founded upon the great principle of the common law and of humanity, that where a man is once tried for a criminal act by a court having jurisdiction of the offense he shall not be harassed, nor his liberty imperiled, by prosecutions for the same act in other tribunals. This principle is far transcendant in importance to any question as to the relative dignity of different sovereignties, each claiming jurisdiction over specific classes of crime. **The motion to postpone must be denied.**