## In re ENO.

(Circuit Court, S. D. New York. March 27, 1893.)

NATIONAL BANKS—CRIMES—EXCLUSIVE FEDERAL JURISDICTION.

The offense of making false entries in the books of a national bank, for which an officer of the bank is liable to punishment under Rev. St. § 5209, since it is not a crime of which the state courts have concurrent jurisdiction under section 5328, is exclusively cognizable by the federal courts. Bank v. Dearing, 91 U. S. 29, followed.

Habeas corpus proceeding by John C. Eno, detained by the warden of the city prisons of New York, under an indictment in a state court, for making false entries in the books of a bank. Petitioner discharged.

Geo. Bliss, (Frank Hiscock, of counsel,) for petitioner.
De Lancey Nicoll, Dist. Atty., for the People.

WALLACE, Circuit Judge. The petitioner, who is in the custody of the warden of the city prisons of New York city under bench warrants issued upon indictments preferred in the court of general sessions of that city, seeks by this proceeding in habeas corpus to procure his discharge upon the ground that the state court is without jurisdiction to entertain the offenses for which he has been indicted, and that jurisdiction thereof is exclusively vested in the courts of the United States. The indictments are five in number, and charge Eno with acts which are made criminal, and defined as forgery,—some in the second degree, and the others in the third degree,—by sections 511 and 515 of the Penal Code of the state of New York, enacted in 1881. These acts were committed while Eno was an officer of a national banking association,—the Second National Bank of the city of New York,—and they consist in the making by him of certain false entries in the books of the banking association with intent to deceive. Such acts are offenses against the laws of the United States, previously enacted, commonly known as the National Banking Act, and embodied in the revision of the statutes of the United States in 1874. Section 5209 of the Revised Statutes of the United States declares that every officer of a national banking association who makes any false entry in any book of the association with intent to injure or defraud the association, or any other company, body politic or corporate, or any individual person, shall be deemed guilty of a misdemeanor, and shall be imprisoned not less than five years or more than ten. It is not disputed that the jurisdiction to punish these acts as crimes against the United States is vested by the laws of congress in the courts of the United States, but it is contended in behalf of the state authorities that the state court has also jurisdiction, because the acts are as well offenses against the people of the state.

National banking associations are the creatures of the legislation of the United States, and it cannot be doubted that the power resides exclusively in congress to prescribe what acts may or may not

be done by their officers in conducting their operations, and what shall be lawful and what unlawful, and, having prescribed what acts shall be unlawful, to declare what penalties and punishments therefor shall be visited upon the offender. The laws of congress over the subjects legitimately within the sphere of their authority by the constitution are the paramount law of the land, and are necessarily exclusive of all state legislation inconsistent with them. Upon this principle it was adjudged in Bank v. Dearing, 91 U. S. 29, that, congress having prescribed a forfeiture for the taking of unlawful interest by a national bank, no other penalty created by the usury laws of a state could be enforced.

. The question has frequently arisen whether in the case of an offense not exclusively cognizable by the federal courts, but punishable by the laws of congress, which is also an offense at common law, the state courts can exercise a concurrent jurisdiction with the courts of the United States; and it is well settled that they can. On the other hand it is settled by a great preponderance of authority that when the offense is created by the laws of congress, and jurisdiction over it is expressly, or by necessary implication, vested exclusively in the courts of the United States, the state laws and state courts cannot touch it, although it may also be an offense against the state.

No useful purpose will be subserved by a citation and analysis of the numerous adjudications upon these questions in state and federal courts. Some of them, however, may be referred to, in which the offenses under consideration were acts made criminal by the laws of congress relating to national banking associations. In People v. Fonda, 62 Mich. 401, 29 N. W. Rep. 26, it was held by the supreme court of Michigan that the state courts had no jurisdiction of the crime of embezzlement or larceny by a clerk of a national bank, for the reason that such offense is covered by section 5209 of the Revised Statutes of the United States, and jurisdiction of it is conferred upon courts of the United States by section 711 of those statutes. In Com. v. Felton, 101 Mass. 204, the supreme court of Massachusetts held that a person charged with being an accessory to an embezzlement by an officer of a national bank could not be convicted, because the provisions of the national banking act covered the crime imputed to the principal offender, and the courts of the United States were vested with the exclusive cognizance of that crime. In the case of Cross v. North Carolina, 132 U. S. 131, 10 Sup. Ct. Rep. 47, the supreme court affirmed the validity of the conviction in a state court of a person indicted for forging a promissory note made payable at a national bank, placing the decision upon the ground that the forging of such a note was not an offense under the national banking laws. The court said:

"If it were competent for congress to give exclusive jurisdiction to the courts of the United States of the crime of falsely making or forging promissory notes purporting to be executed by individuals, and made payable to or at a national bank, or of the crime of uttering or publishing as true any such falsely made or forged notes, it has not done so. Its legislation does not assume to restrict the authority which the states have always exercised, of punishing in their own tribunals the crime of forging promissory notes and

other commercial securities executed by private persons, and used for purposes of private business."

Not only are the acts for which the petitioner is under indictment in the state court created offenses by the laws of congress, and their punishment defined thereby, but they are offenses exclusively cognizable by the courts of the United States, by force of section 711 of the Revised Statutes of 1874. That section provides that the jurisdiction vested in the courts of the United States, "of all crimes and offenses cognizable under the laws of the United States, shall be exclusive of the courts of the several states." By section 5328 a large class of offenses cognizable by the courts of the United States are withdrawn from the operation of section 711; but offenses arising under the laws relative to national banking associations are not enumerated as within the exception.

The conclusion seems inevitable that the offenses for which the petitioner has been indicted are exclusively cognizable by the courts of the United States. It is proper to say that if any serious doubt were entertained as to the want of jurisdiction of the court of general sessions of the city of New York, and its consequent want of authority to retain the petitioner in custody, such a disposition of the present proceeding would be made as would permit that question to be raised, in the event of a conviction upon the indictment, after a trial. As it is, however, the petitioner is entitled to be discharged from custody.