M. E. CONNELLY v. THE STATE.

No. 7248. Decided February 14, 1923.

1.—Embezzlement—Indictment—Practice in Trial Court.
     Where the indictment contained two counts charging embezzlement and the trial court submitted only one, a verdict finding defendant guilty as charged is sufficient.

2.—Same—Want of Consent—Bank—Companion Case.
     Where the president of a bank testified that neither he nor any of the bank officials gave to defendant permission to embezzle, misapply or

appropriate any of the bank's money, want of consent was sufficiently proved and where all of the other questions raised were decided against defendant in a companion case, the judgment must be affirmed.

Appeal from the District Court of Hardin. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Coe & Briggs,* and *A. D. Lipscomb,* for appellant.

*R. G. Storey,* Assistant Attorney General, C. N. Cain, District Attorney, and *Ned B. Morris,* for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hardin County of embezzlement, and his punishment fixed at two years in the penitentiary.

This is a companion case to M. E. Connelly v. State, No. 7247, opinion handed down January 24, 1923. Practically all the contentions made in the instant case were disposed of by us in our opinion in the companion case referred to.

Where the indictment contains two counts and the trial court submits only one, a verdict finding the accused "guilty as charged," is sufficient. Such verdict could only be held responsive to the charge of the court and to the count in the indictment submitted to the jury.

In the first count in said indictment appellant was charged with embezzlement of $600, the property of the Citizens National Bank of Sour Lake, Texas; in the second count he was charged with embezzlement of $600, the property of Ambrose Jackson. The court submitted to the jury appellant's guilt as predicated only upon his embezzlement of the property of said bank. Complaint is made that the want of consent of said bank is not made to appear in the record. We are unable to assent to the soundness of this contention. The president of the bank testified that neither he nor any of the bank officials gave to appellant permission to embezzle, misapply or appropriate $600 of the bank's money. Appellant was cashier of said bank at the time of the alleged offense, and $600 was turned over to him in his said capacity as an officer of the bank, and it appears from the record without dispute that he did not place said moneys with the other money of the bank, and that no entry of such deposit was ever made by him. Thereafter and upon discovery of irregularities appellant was discharged from said position, and upon investigation of the facts concerning the deposit of said money, the bank paid to Mr. Jackson, the depositor, the sum of $600. We think the testimony sufficiently showed the want of consent on the part of the alleged owner, to the misappropriation by appellant.

All of the other questions raised by appellant were fully discussed in the companion case and will not be here further elaborated.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*