## STATE v. F. C. THORNTON.[1]

June 10, 1927.

No. 26,069.

**When federal courts alone have jurisdiction of defendant indicted for violation of federal statute against embezzlement.**

An indictment examined and *held* to allege that defendant as president of a national bank received money of another and, while so in possession thereof as such officer of the bank, misappropriated or misapplied the same in violation of a federal statute. The offense thus charged is within the exclusive jurisdiction of the federal courts.

Banks and Banking, 7 C. J. p. 804 n. 84.
Criminal Law, 16 C. J. p. 162 n. 8.

Defendant appealed from an order of the district court for Swift county, Qvale, J., denying his motion for a new trial. Reversed.

*LeSueur, Diepenbrock & Caswell,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, *J. A. Lee,* County Attorney, and *Will A. Blanchard,* for the state.

HOLT, J.

Defendant was found guilty of grand larceny in the first degree. This appeal is from the order denying his motion for a new trial.

A demurrer to the indictment was overruled, and so was an objection to the introduction of any evidence thereunder. We have reached the conclusion that the indictment charges an offense within the exclusive cognizance of the federal courts, and that therefore there

[1]Reported in 214 N. W. 279.

must be a reversal of the order denying a new trial, without considering any errors assigned other than the rulings sustaining the indictment. Neither the demurrer nor the objection to the introduction of evidence specified that the crime charged was within the exclusive jurisdiction of the federal courts; but when the evidence was all in and in the motion for a new trial that specific objection was clearly made, so it must be considered as properly raised in this court.

The indictment charges that on the 11th of March, 1926, at the city of Benson, Swift county, Minnesota, F. C. Thornton, "then and there being an officer and managing agent, to-wit: the president and one of the executive officers of the First National Bank of Benson, a banking corporation duly organized, created and existing under and by virtue of the laws of the United States of America, and he, the said F. C. Thornton, then and there having in his possession, custody and control as such officer and managing agent of the said First National Bank of Benson, a corporation as aforesaid, certain personal property, to-wit: money, checks, * * * in the sum and amount of six thousand and no/100 dollars * * * then and there the property of Paul Vetter and then and there of the value of six thousand and no/100 ($6000.00) dollars, and he, the said F. C. Thornton, as such officer and managing agent, being then and there authorized by agreement and by competent authority to take such money, checks, * * * in his possession, custody and control as such officer and managing agent, to-wit: the president and one of the executive officers of the said First National Bank of Benson, a corporation as aforesaid, for the use and benefit of him, the said Paul Vetter, did then and there wilfully, unlawfully, wrongfully and feloniously appropriate, convert and embezzle all of the aforesaid money, checks, * * * to the use of another than the said Paul Vetter, the true owner thereoef with the felonious and unlawful intent," etc.

It is impossible to consider the numerous averments connecting the receipt and possession of the money of Paul Vetter, charged to have been embezzled or misappropriated by defendant as an officer

of a national bank, as mere surplusage, descriptive only of defendant's person, or as merely setting out inducements to Vetter to surrender the money into defendant's charge. The natural import of the language used is that in all dealings with the receipt and custody of Vetter's money defendant was the mere tool of the bank. It is alleged that he so received it "by agreement and by competent authority," which must mean by authority of the board of directors of the bank or by the authority which the law vests in the president of a national bank. That being so, the possession and custody of the money was in legal effect in the bank, and his subsequent dealings with it was in the capacity of the agent and officer of the bank. Any embezzlement or misapplication thereof while under his charge as an officer of the bank must, under the above averments of the indictment, be an offense against § 5209, R. S. (U. S.), reading in part:

"Every president, director, cashier, teller, clerk, or agent of any association, [national bank] who embezzles, abstracts, or willfully misapplies any of the moneys, funds, or credits of the association; * * * shall be deemed guilty of a misdemeanor, and shall be imprisoned not less than five years nor more than ten."

It has been definitely determined, by authority which we must follow, that any offense against the statute cited is within the exclusive jurisdiction of the federal courts. Easton v. Iowa, 188 U. S. 220, 23 Sup. Ct. 288, 47 L. ed. 452. The state cites Cross v. North Carolina, 132 U. S. 131, 10 Sup. Ct. 47, 33 L. ed. 287, and U. S. v. Martin (D. C.) 176 F. 110, but we think neither very helpful here. Donegan v. U. S. (C. C. A.) 296 F. 843, tends to sustain the proposition that this indictment charges a violation of the federal statute. If funds are lawfully intrusted to the care of a national bank by being in the actual custody and control of its chief executive officer "by agreement and by competent authority," even though such funds do not belong to the bank, it holds them as a bailee and the wrongful appropriation of the same by an officer of the bank would ordinarily affect the bank in a financial way the same as if the funds had belonged to the bank. And again, the handling of and caring for

funds intrusted lawfully to a national bank must necessarily be by officers and agents thereof in the performance of their duties to the bank, coming within and being governed by federal law.

We think the learned trial court erred when ruling that the indictment did not state an offense within the exclusive jurisdiction of the federal courts. Indeed the document appears to be drawn with painstaking care to state an offense under § 5209, R. S. (U. S.).

The order is reversed.

Mr. Justice Stone took no part.