## ROBERT MARTIN V. THE STATE.

No. 15753. Delivered June 21, 1933.
Reported in 61 S. W. (2d) 999.

The opinion states the case.

*Caven & Caven,* of Marshall, for appellant.

*Benjamin Woodall,* Co. Atty., and *Reagan R. Huffman,* Asst. Co. Atty., both of Marshall, and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

CALHOUN, JUDGE.—The offense, embezzlement; the punishment, 5 years in the penitentiary.

It appears from the record that the appellant was convicted in the district court of Harrison county, Texas, on the first count in the bill of indictment charging that "he did then and there unlawfully and fraudulently embezzle, misapply, and convert to his own use without the consent of the said Marshall National Bank at Marshall, Texas, certain money belonging to the said bank, to-wit, $962.30, in money of the value of $962.30,

which said money had come into the possession and was under the care of the said Robert Martin by virtue of his said employment as assistant cashier of said bank." The indictment contained 10 other counts, but the first was the only count submitted to the jury.

The defendant, before announcing ready for trial, urged his plea to the jurisdiction of the court, it being contended in said plea that the offense, if any, charged was within the exclusive jurisdiction of the courts of the United States because of section 371, title 28, United States Code, vesting exclusive jurisdiction of all crimes and offenses cognizable under the authority of the United States in the federal courts, and in view of section 592, title 12, United States Code, making it an offense for any officer, director, agent, or employee of any Federal Reserve Bank or any member bank to embezzle any funds, moneys, or credits of such Federal Reserve Bank or member bank. The record further shows that the appellant offered to make proof that the Marshall National Bank of Marshall, Texas, was a member of the Federal Reserve Bank of Dallas, Texas, district No. 11, as defined by the statutes of the United States, and that said membership had continued since 1913 up to the present time. The state, through its county attorney, agreed that the record might show such facts to be true. It also appears that on the trial of the case W. C. Pierce, president of the Marshall National Bank, testified in part as follows: "Yes, the Marshall National Bank is a member of the Federal Reserve System of the United States. It belongs to the Eleventh District Federal Reserve Bank, Dallas, Texas. Yes, the Marshall National Bank is a member of the Eleventh Federal Reserve District and it was on this date. It has been a member of the Federal Reserve organization since about 1913, I think."

After hearing said plea to the jurisdiction presented to the court and having heard the evidence and admissions relative thereto, the court overruled appellant's plea. Appellant also objected to any testimony regarding any transactions involving the taking of any funds by the appellant from the Marshall National Bank because the state court had no jurisdiction to try an offense involving such embezzlement. The court overruled said objections and permitted the testimony, as shown by proper bill of exception appearing in the record.

Section 371, title 28, United States Code, provides: "The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive

of the courts of the several states of all crimes and offenses cognizable under the authority of the United States."

Section 592, title 12, United States Code, provides, in part: * * * "that any officer, director, agent or employee of any Federal reserve bank, or of any member bank, as defined in sections 221 to 225 of this title, who embezzles, abstracts, or wilfully misapplies any of the money, funds, or credits of such Federal reserve bank or member bank, * * * shall be deemed guilty of a misdemeanor, and upon conviction thereof in any district court of the United States shall be fined not more than $5,000 or shall be imprisoned for not more than five years, or both, in the discretion of the court."

The above section clearly covers the offense that is charged in the first count in this indictment and under which the appellant was convicted. The proof of the state and all the uncontradicted evidence in this case is that the appellant, Robert Martin, was an officer of a member bank of the Federal Reserve System and that he embezzled the funds of said bank.

We have found no cases in Texas passing upon the jurisdiction of the state courts to try this offense. It is stated in 16 Corpus Juris, 161, par. 190, that federal courts have exclusive jurisdiction to try the crime of embezzlement of the funds of a national bank by its officer. In 7 Corpus Juris, 803, par. 705, it is stated that the jurisdiction of the offenses specified in the National Banking Act is confined to the federal courts and the state courts have no jurisdiction, and cites in support of said rule: In Re Eno, 54 Fed., 669; United States v. Buskey (C. C.), 38 Fed., 99; State v. Tuller, 34 Conn., 280; Commonwealth v. Felton, 101 Mass., 204; People v. Fonda, 62 Mich., 401, 29 N. W., 26; Commonwealth v. Ketner, 92 Pa., 372, 37 Am. R., 692.

In the case of People v. Fonda, supra, it was held by the Supreme Court of Michigan that the state courts had no jurisdiction of the crime of embezzlement or larceny by a clerk of a national bank for the reason that such offense was covered by the Revised Statutes of the United States, and the jurisdiction over it is conferred upon the courts of the United States by section 711 (now section 371) of the Statutes.

In Commonwealth v. Felton, supra, the Supreme Court of Massachusetts held that a person charged with being an accessory to an embezzlement by an officer of a national bank could not be convicted because the provision of the National Banking Act covered the crime imputed to the principal offender,

and the courts of the United States are vested with the exclusive cognizance of that crime.

In the case of United States v. Buskey, supra, it was held that the United States circuit court had exclusive jurisdiction of the prosecution of an officer of a national bank for embezzling funds of such bank under the Revised Statutes of the United States declaring that an officer of a national bank who embezzles its funds shall be punished by imprisonment under the judiciary act declaring that the jurisdiction of the circuit courts of the United States would be exclusive in the trial of all crimes or offenses against the laws of the United States except where it is otherwise provided.

The case of In re Eno, supra, was a case of habeas corpus proceedings by John C. Eno detained by the warden of the city prison of New York under an indictment in a state court for making false entries in the books of a bank. He was discharged from custody by the circuit court of New York upon the grounds that the offense of making false entries in the books of a national bank was an offense punishable under the Revised Statutes of the United States, and was not a crime of which the state courts had concurrent jurisdiction, but was exclusively cognizable by the federal courts. In the opinion by the circuit court, the holdings of the cases of Peoples v. Fonda, supra, and Commonwealth v. Felton, supra, were cited with approval. This case was taken to the Supreme Court of the United States and the Supreme Court in a majority opinion held that it would not grant the writ upon the ground that they would only consider the claim of the accused of immunity from prosecution in the state court for the offense charged against him when it had been passed upon by the highest court in New York in which it could be determined, and that if the final judgment of that court be adverse to him he could then invoke the jurisdiction of the Supreme Court of the United States, to which holding Justice Field dissented upon the ground that the circuit court was cognizable, under the authorities of the United States, of the several offenses for which the defendant was indicted and the jurisdiction vested in the courts of the United States was exclusive of all jurisdictions of the offenses in the state courts and it would therefore subserve no useful purpose to proceed with the case in the state court and thus ascertain what the court might have done or would have done had it possessed jurisdiction. This dissenting opinion by Justice Field was concurred in by Justice Shiras.

The Supreme Court of Minnesota in the case of State v.

Thornton, 214 N. W., 279, passed upon a case which is parallel to the case herein involved. The appellant was charged by a bill of indictment as an officer of the First National Bank of Benson with the embezzlement of the sum of $6000.00 from said bank. The court held that any embezzlement or misapplication of funds while under his charge as an officer of the bank under the averments of the indictment was an offense against the laws of the United States, and held that the exclusive jurisdiction for the punishment of the offense was in the federal courts, and cited the case of Easton v. State of Iowa, 188 U. S. Rep., 220, in support of said holding. Easton v. State of Iowa, supra, was a case where James H. Easton was indicted, tried, and found guilty and sentenced to imprisonment in the penitentiary of Iowa for a term of five years under the provisions of a statute of that state, for the offense of having received, as president of the First National Bank of Decorah, Iowa, a deposit of one hundred dollars in money in said bank, at a time when the bank was alleged to be insolvent and when such insolvency was alleged to have been known to the defendant. At the trial it was contended by the defendant that the statute of Iowa upon which the indictment was found did not and was not intended to apply to national banks organized and doing business under the National Bank Acts of the United States, or to the officers and agents of such banks, and, if said statute should be construed and held to apply to national banks and their officers, the statute was void in so far as made applicable to national banks and their officers. Both of these contentions were overruled by the trial court and an appeal was taken to the Supreme Court of the State of Iowa, which affirmed the judgment of the district court. The case was then brought to the Supreme Court of the United States, and, in reversing and remanding the cause, the Supreme Court of the United States, in an opinion by Justice Shiras, held that while undoubtedly a state has the legitimate power to define and punish crimes by general law applicable to all persons within its jurisdiction, so likewise it may declare by such law certain acts to be criminal offenses when committed by officers or agents of its own banks and institutions, but that it was without lawful authority to make such special laws applicable to banks organized and operating under the laws of the United States. Among the cases cited and quoted from in support of said holding are the cases of People v. Fonda, supra, and Commonwealth v. Felton, supra.

The indictment in this case was brought under and by virtue of the general statute denouncing embezzlement, which is article

1534, Texas Penal Code, 1925. This article provides in part as follows: "If any officer, agent, clerk, employee, or attorney at law or in fact, of any incorporatd company or institution, or any clerk, agent, attorney at law or in fact, servant or employee of any private person, copartnership, or joint stock association, or any consignee or bailee of money or property, shall embezzle, fraudulently misapply, or convert to his own use, without the consent of his principal or employer, any money or property of such principal or employer which may have come into his possession or be under his care by virtue of such office, agency, or employment, he shall be punished in the same manner as if he had committed a theft of such money or property."

When this act was originally passed in 1858, there were no national banks or any laws to authorize their creation. In 1909, the Legislature passed an act which is now article 544 of our Penal Code, which article is as follows: "Every president, cashier, director, teller, clerk, or agent of any State bank or bank and trust company incorporated under the laws of Texas, who embezzles, fraudulently abstracts or wilfully misapplies any of the moneys, funds or credits of such bank or bank and trust company, shall be confined in the penitentiary not less than five nor more than ten years."

It will be seen that by said article 544 of our Penal Code that the Legislature made it a separate and distinct offense for every president, cashier, director, teller, clerk, or agent of any state bank or bank and trust companies incorporated under the laws of Texas to embezzle or misapply any of the funds of said banks. When this act was passed, Congress had already defined and punished the offense of embezzlement by officers of national banks. This article has no application to national banks and we must presume that in passing such act and making it refer only to banks or trust companies incorporated under the laws of Texas that the Legislature realized that under section 711, Revised Statutes of the United States, that the jurisdiction to punish any officer, director, agent, or employee of any national bank or Federal Reserve Bank or of any member bank for the embezzlement of any of the funds of said bank was vested in the courts of the United States exclusive of the courts of the several states.

Our attention is called by the state to the fact that this court has in two cases affirmed judgments of conviction for the offense of embezzlement of the funds of national banks by an officer of the bank, which prosecution and conviction were had by virtue

of and under the general embezzlement statute of Texas. These cases are Connelly v. State, 248 S. W., 340, Id., 248 S. W. 342. We do not consider these as authority upon the point in issue as the issue herein involved as to the jurisdiction of the state court was not raised, discussed, or determined in either of said cases. We have also examined other cases cited by the state in their brief from other jurisdictions, none of which upon examination are at variance with the authorities herein discussed.

Under the authorities we conclude that Congress, having the power to create a system of national banks and having the sole power to regulate and control the exercise of their operation, has directly dealt with the subject of embezzlement by an officer of a member bank of the Federal Reserve System and has provided a penalty therefor, and that the jurisdiction to punish any officer, director, agent, or employee of any Federal Reserve Bank or of any member bank for the embezzlement of any of the funds of said bank is vested in the courts of the United States exclusive of the courts of the several states.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.