No. 9809.

DASHING v. THE STATE.

CRIMINAL LAW.—*Counterfeiting.*—*Jurisdiction.*—The courts of this State have jurisdiction, as prescribed by statute, to punish the offence of counterfeiting the coin of the United States current in this State.

SAME.—*U. S. Statutes Construed.*—*Crimes.*—Section 711 of the Revised Statutes of the United States, construed with section 5328, does not divest the States of the right and jurisdiction to enact and enforce their own criminal laws, though the acts made criminal thereby might also be made criminal by the laws of the United States.

From the Elkhart Circuit Court.

*R. M. Johnson, E. G. Herr* and *H. C. Dodge,* for appellant.

*D. P. Baldwin,* Attorney General, *J. S. Drake,* Prosecuting Attorney, *W. W. Thornton* and *W. L. Stone,* for the State.

WORDEN, J.—The appellant was indicted in the court below for the violation of a law of this State by fraudulently uttering and publishing as true "a piece of false, forged and counterfeit coin, resembling and apparently intended to resemble and pass for silver coin of the United States of America, called a dollar, which lawful coin was then and there current in the said State of Indiana."

Upon trial he was convicted, and, over a motion in arrest, judgment was rendered against him.

The only question made here is, whether a conviction can be had in such case in a State court.

It has been held in this State from an early period, that the States have the power to punish such offences. *Chess* v. *The State,* 1 Blackf. 198 ; *Snoddy* v. *Howard,* 51 Ind. 411. The authorities upon the question are not uniform, but we decline to enter upon a discussion of the question as an open one in this State, further than to notice some acts of Congress bearing upon the question, which will be adverted to further on in this opinion. We may observe, however, that in the case of *Fox* v. *The State of Ohio,* 5 How. 410, it was held by the Supreme Court of the United States, Mr. Justice McLEAN dissenting, that the power conferred upon Congress by the constitution of the United States, upon the subject, did not prevent the States from passing laws on the same subject. The theory is explained by what was said by Mr. Justice GRIER in the case of *Moore* v. *The People of the State of Illinois,* 14 How. 13, a case in which Mr. Justice McLEAN also dissented. It was there said : " Every citizen of the United States is also a citizen of a State or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The same act may be an offence or transgression of the laws of both."

The 8th section of article 1 of the constitution of the United States provides that " The Congress shall have power :—

" To coin money, regulate the value thereof, and of foreign coin, and fix the standard of weights and measures ;

" To provide for the punishment of counterfeiting the securities and current coin of the United States."

The grant of power to Congress by the constitution, to provide for the punishment of counterfeiting the securities and current coin of the United States, does not, of itself, deprive the States of the right to make such counterfeiting a crime

against them, and to punish it accordingly. That depends upon the action of Congress.

If Congress, though providing for the punishment of such counterfeiting as a crime against the United States, leave the several States free to make such counterfeiting a crime against them, they may do so.

This subject is well elucidated by Chancellor KENT, who says : "The Judiciary Act" (1789) "grants exclusive jurisdiction to the circuit courts of all crimes and offences cognizable under the authority of the United States, except where the laws of the United States should otherwise provide; and this accounts for the proviso in the act of 24th of February, 1807, c. 75, and in the act of 10th of April, 1816, c. 44, concerning the forgery of the notes of the Bank of the United States, declaring that nothing in that act contained should be construed to deprive the courts of the individual States of jurisdiction under the laws of the several States, over offences made punishable by that act. There is a similar proviso in the act of 21st of April, 1806, c. 49, concerning the counterfeiters of the current coin of the United States. Without these provisos, the State courts could not have exercised concurrent jurisdiction over those offences, consistently with the Judiciary Act of 1789. But these saving clauses restored the concurrent jurisdiction of the State courts, so far as, under the State's authority, it could be exercised by them. There are many other acts of Congress which permit jurisdiction over the offences therein described, to be exercised by State magistrates and courts. This was necessary ; because the concurrent jurisdiction of the State courts over all offences was taken away, and that jurisdiction was vested exclusively in the national courts by the Judiciary Act, and it required another act to restore it. The State courts could exercise no jurisdiction whatever over crimes and offences against the United States, unless where, in particular cases, the laws had otherwise provided; and whenever such provision was made, the claim of exclusive jurisdiction in the particular cases was withdrawn,

and the concurrent jurisdiction of the State courts, *eo instanti,* restored, not by way of grant from the national government, but by the removal of a disability before imposed upon the State tribunals." 1 Kent Com., 12 ed., p. 398.

It is claimed by counsel for the appellant that the provisions of the Revised Statutes of the United States, of 1878, take away jurisdiction on the subject from the State, and vest the same exclusively in the national tribunals.

Section 711 of the Revised Statutes of the United States provides that " The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States:

" First. Of all crimes and offences cognizable under the authority of the United States."

This, it is claimed, vests exclusive jurisdiction in the national courts, over the subject.    But this section must be taken in connection with sec. 5328, under title 70, the subject of which is expressed to be " Crimes," and in which provision is made for the punishment of such counterfeiting.    Section 5328 provides that " Nothing in this Title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

It is evident by section 5328 that Congress did not intend, by anything enacted under that title, to impair or take away the right of the several States to enact and enforce such criminal laws as they might think proper; and, reading the two sections together, it seems to us to be clear that Congress did not intend, by section 711, to divest the States of the right and jurisdiction to enact and enforce their own criminal laws, though the acts made criminal thereby might also be made criminal by the laws of the United States, under the power granted to Congress by the constitution of the United States.

It follows from these views that the court below had jurisdiction.

The counsel for the appellant have cited the case of *Sherwood* v. *Burns,* 58 Ind. 502, but that case differs radically

from the present. There the plaintiff was proceeding in a State court to enforce, not a State law, but an act of Congress, viz., the bankrupt act, the courts of the United States being vested with exclusive jurisdiction "of all matters and proceedings in bankruptcy." Here the State was in its own court, enforcing its own law.

The judgment below is affirmed, with costs.