THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS A. WELCH, Appellant.

*A crime under both Federal and State statutes — concurrent jurisdiction — jurisdiction of the State courts to punish a violation of the State statute — manslaughter committed by a pilot while managing a vessel — twice put in jeopardy.*

The charge in an indictment that the defendant willfully and feloniously propelled and ran a tugboat into a yacht and did thereby willfully and feloniously cast a person from the said yacht into the river, and, by the means aforesaid, willfully and feloniously did kill and slay the said person, constitutes manslaughter in the second degree under either the second or third subdivisions of section 193 of the Penal Code.

The meaning of the provision of section 5328, in title 70 of the Revised Statutes of the United States, entitled "Crimes," to the effect that "nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof," is that where an act, which is declared to be an offense against the laws of the United States by any of the provisions of that title, also constitutes an offense against the laws of the State within the territorial jurisdiction of which the act was committed, the jurisdiction of the State courts to try the offender for the violation of its law shall not in anywise be impaired or held to be taken away, notwithstanding the provision of section 711 of the same Revised Statutes, that "The jurisdiction vested in the courts of the United States, in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States: *First* — Of all crimes and offenses cognizable under the authority of the United States."

Section 711 of the Revised Statutes of the United States operates to give the Federal courts exclusive jurisdiction to try offenders charged with violations of the Federal law, thereby necessarily depriving the State courts of jurisdiction thereunder, while section 5328 was intended to enable the State courts to try the same offender, providing the act charged against him constituted a violation of the statutes of the State.

When an act constitutes an offense against both the laws of the United States and the laws of the State where the act was committed, the offender may be punished either in the United States court or in the State court having jurisdiction, but the proceeding in either tribunal must be based exclusively on the law of the sovereignty under which the tribunal sits; that is, the proceeding in the Federal court must be based on the Federal law, and that in the State court on the State law.

Such concurrent jurisdiction does not constitute a violation of the constitutional provision "that no person shall be subject for the same offense to be twice put in jeopardy of life or limb."

When an act, committed on the waters of the Hudson river, within the boundaries of the city and county and State of New York, constitutes the crime of manslaughter in the second degree under section 193 of the Penal Code of the State of New York, the Court of General Sessions in and for the city and county of New York is not deprived of its general jurisdiction thereof, by reason of the fact that the act was committed by a pilot in the management of a steamboat under his control, and, therefore, also constituted an offense against the laws of the United States, being made manslaughter and cognizable by the Circuit Court of the United States, by section 5344 in title 70 of the Revised Statutes of the United States.

APPEAL by the defendant, Thomas A. Welch, from a judgment of conviction rendered against him by the Court of General Sessions of the Peace in and for the city and county of New York on the 22d day of December, 1891, adjudging him guilty of manslaughter in the second degree.

Section 711 of the Revised Statutes of the United States, so far as material to this case, is as follows : " The jurisdiction vested in the courts of the United States, in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States.

" *First.* Of all crimes and offenses cognizable under the authority of the United States."

*Lorenzo Semple*, for the appellant.

*Delancey Nicoll* and *Henry B. B. Stapler*, for the respondent.

PARKER, J.:

The defendant was convicted of manslaughter in the second degree, under an indictment charging him with willfully and feloniously propelling and running a tugboat into a yacht, and " did thereby willfully and feloniously cast the said Jenkins from the said yacht into the river,   *   *   *   and by the means aforesaid, will-

fully and feloniously did kill and slay the said Jenkins." The form in which the offense was charged by the indictment would constitute manslaughter in the second degree under either the second or third subdivisions of section 193 of the "Penal Code." The section reads as follows :

" Such homicide is manslaughter in the second degree when committed without a design to effect death either

" (1) By a person committing or attempting to commit a trespass or other invasion of a private right, either of the person killed or of another not amounting to a crime; or,

" (2) In the heat of passion, but not by a dangerous weapon, or by the use of means either cruel or unusual; or,

" (3) By any act, procurement or culpable negligence of any person, which, according to the provisions of this chapter, does not constitute the crime of murder in the first or second degree, nor manslaughter in the first degree."

The place where the crime was committed was within the territory described in section 1442 of the Consolidation Act, which provides that " The whole of the Hudson river southward of the northern boundary of the city of New York, and the whole of the bay between Staten Island and Long Island, shall so far be deemed within the jurisdiction of the city and the county of New York that all offenses shall be cognizable in the courts of criminal jurisdiction held in and for the said city and county."

Section 1 of the same act also provides that the boundaries of the said city and county include all of the " Hudson river " within the boundaries of the State. By section 51 of the Code of Criminal Procedure " it is provided that " the Court of General Sessions of the city and county of New York and the Court of Sessions of the ' county of Kings ' have jurisdiction to try, determine and punish all crimes cognizable within their respective counties, including crimes punishable with death and imprisonment in the State prison for life." And as the court named in the section last quoted was one in which the defendant was tried and convicted it follows that the defendant was convicted by a court having jurisdiction of all crimes cognizable by the courts of this State, within the territory in which the offense charged was committed, which offense is declared by the statute of the State to be manslaughter in the second degree.

But the appellant, not denying the general jurisdiction of the court to punish offenders for crimes committed on the Hudson river within the boundaries of the city and county of New York, contends that defendant's act furnishes an exception to the rule, because it constitutes an offense against the laws of the United States, and, therefore, jurisdiction to punish for it belongs exclusively to the courts of the United States. That while prior to the recent revision of the statutes of the United States the offense might have been punished by the courts of the State, because Congress had not at that time reserved to the United States courts exclusive jurisdiction of all offenses which could be tried and determined under the authority of the United States, yet such authority was taken away from the State courts by section 711, incorporated at the time of such revision, by which exclusive jurisdiction was vested in the courts of the United States of all crimes cognizable under the authority of the United States.

The facts relied upon by the appellant to present this question were established upon the trial, and appear in the record as follows:

"That the defendant, Thomas A. Welch, was duly licensed to act as a second-class pilot on steam vessels, by the United States Local Board of Inspectors of Steam Vessels for the District of New York.

"That while said license was in full force and effect, and while said defendant was engaged in the actual performance of his duties as a pilot under said license, a collision occurred June 15, 1891, on the Hudson river, in the county of New York, between the steam towboat *F. W. De Voe,* upon which the defendant was employed, and which was at the time under the defendant's control and management as pilot, and the sloop yacht *Amelia,* which collision was caused by the willful misconduct, negligence and inattention to his duties on said *F. W. De Voe* of the said defendant, Pilot Thomas A. Welch. The said collision, caused by the willful misconduct, negligence and inattention of the said Thomas A. Welch, resulted in the sinking of the yacht *Amelia* and in the destruction of the life of Francis Jenkins, who was at the time on board of the yacht *Amelia,* by drowning."

Witnesses called on behalf of the People, and of the defendant for other purposes, were permitted to testify, without objection or

exception, as to the rules of navigation adopted by the United States local board of inspectors of steam vessels.

These facts, it is readily apparent, constitute the crime of manslaughter, under section 5344 of the Revised Statutes of the United States, which reads as follows:

"Every captain, engineer, pilot or other person employed on any steamboat or vessel by whose misconduct, negligence or inattention to his duties on such vessel, the life of any person is destroyed * * * shall be deemed guilty of manslaughter, and upon conviction thereof before any Circuit Court of the United States shall be sentenced to confinement at hard labor for a period of not more than ten years."

And it is not questioned but that the facts proved establish the crime charged in the indictment. As the indictment charges an offense against the statutes of the State, it follows that the act of defendant violated both the laws of the United States and of the State of New York. But appellant insists that, as the act constituted a crime against the laws of the United States, the courts of the State of New York have been ousted of jurisdiction to try the offender, notwithstanding the same act constitutes, and for forty-six years before the insertion of section 711 in the United States Revised Statutes constituted, an offense against the statutes of the State of New York, and prior to that time was recognized as a criminal offense under the common law, constituting the crime of manslaughter.

Section 5344, above quoted, is found in title 70 of the Revised Statutes of the United States, entitled "Crimes," and among the introductory and general provisions of that title may be found section 5328, which reads as follows: "Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

In the same title then in which the act of defendant is declared to be a crime against the laws of the United States, it is provided that nothing in the act shall have the effect to impair or take away the jurisdiction of State courts under the laws of the State. How is this provision to be given any effect unless it be construed to mean that where an act which is declared to be an offense against the laws of the United States by any of the provisions of that title,

also constitutes an offense against the laws of the State within the territorial jurisdiction of which the act was committed, the jurisdiction of the State courts to try the offender for the violation of its law shall not in anywise be impaired or held to be taken away?

Prior to such enactment, the general rule on the subject of concurrent jurisdiction in cases where the act constituted an offense against both the laws of the United States and the laws of the State where the act was committed was as stated in Holt on Concurrent Jurisdiction, page 26 :

" In such cases the offender may be punished either in the United States court or in the State court having jurisdiction, but the proceeding in either tribunal must be based exclusively on the law of the sovereignty under which the tribunal sits, that is, the proceedings in the Federal court must be based on the Federal law, and those in the State court on the State law."

Following that rule, the several sections under consideration are capable of harmonious construction. Section 711 operates to give to the Federal courts exclusive jurisdiction to try offenders charged with violations of the Federal law, thereby necessarily depriving the State courts from taking jurisdiction thereunder, while section 5328 was intended to assure the State courts that Congress had no intention to interfere with their rights to try the same offender, providing the act charged against him constituted a violation of the statutes of the State. We have asserted that the rule as quoted from " Holt on Concurrent Jurisdiction " is well established, and some reference to the authorities upon which that assertion is based will now be made. In *Fox* v. *State of Ohio* (5 How. 432) it was held that a State may punish the offense of uttering or passing false coin, and in the case of *United States* v. *Marigold* (9 How. 560), that a Federal court, in the proper exercise of its authority, may punish the same act as an offense against the United States. In the latter case the court said :

" With the view of avoiding conflict between the State and Federal jurisdictions this court, in the case of *Fox* v. *The State of Ohio*, have taken care to point out that the same act might, as to its character and tendencies, and the consequences it involved, constitute an offense against both the State and Federal governments, and might draw to its commission the penalties denounced by either, as appro-

priate to its character in reference to each. We think this distinc-
tion sound, as we hold to be the entire doctrines laid down in the
case above mentioned, and regard them as being in no wise in con-
flict with the conclusions adopted in the present case."

Subsequently, in *Moore* v. *Illinois* (14 How. 13), the court had
under consideration the validity of a statute of the State of Illinois,
in pursuance of the provisions of which the plaintiff in error had been
indicted and convicted of harboring and secreting a negro slave. It
was contended that the statute was in conflict with an act of Congress
on the same subject. Mr. Justice GRIER, in delivering the opinion
of the court, said : " But admitting that the plaintiff in error may be
liable to an action under the act of Congress, for the same acts of
harboring and preventing the owner from retaking his slave, it does
not follow that he would be twice punished for the same offense.
An offense, in its legal signification, means the transgression of a law.
A man may be compelled to make reparation in damages to the
injured party, and be liable also to punishment for a breach of the
public peace, in consequence of the same act, and may be said, in
common parlance, to be twice punished for the same offense. Every
citizen of the United States is also a citizen of a State or Territory.
He may be said to owe allegiance to two sovereigns, and may be liable
to punishment for an infraction of the laws of either. The same
act may be an offense or transgression of the laws of both. Thus,
an assault upon the marshal of the United States, and hindering
him in the execution of legal process, is a high offense against the
United States, for which the perpetrator is liable to punishment;
and the same act may be, also, a gross breach of the peace of the
State, a riot, assault or a murder, and subject the same person to a
punishment, under the State laws, for a misdemeanor or felony.
That either or both may (if they see fit) punish such an offender
cannot be doubted. Yet it cannot be truly averred that the offender
has been twice punished for the same offense, but only that by one
act he has committed two offenses, for each of which he is justly
punishable. He could not plead the punishment by one in bar to a
conviction by the other."

Chief Justice TANEY in the case of *United States* v. *Amy*,
reported in the Quarterly Law Journal (Vol. 4) for July, 1859, at
page 163, and referred to in *Jotts* case (18 Gratt. 945), concludes his

opinion as follows: "In maintaining the power of the United States to pass this law, it is, however, proper to say that, as these letters with the money in them were stolen in Virginia, the party might undoubtedly have been punished in the State tribunals, according to the laws of the State, without any reference to the post office or the act of Congress, because, from the nature of our government, the same act may be an offense against the laws of the United States and also of a State, and be punishable in both. This was considered and decided in the case of *Fox* v. *State of Ohio* (5 How. [U. S.] 410) and in the case of *United States* v. *Marigold* (9 id. 560), and the punishment in one sovereignty is no bar to his punishment in the other."

In *Ex parte Siebold* (100 U. S. 371–390) the petitioners were judges of election at different voting precincts in the city of Baltimore, at an election held in that city, at which representatives in Congress were voted for, and which positions they held in pursuance of the statute of the State of Maryland. They were afterwards convicted in a Circuit Court of the United States for the district of Maryland for offenses alleged to have been committed by them respectively whilst acting as judges at such election.

The petition was denied, the court, at page 389, saying: "Another objection made is that if Congress can impose penalties for violation of State laws, the officer will be made liable to double punishment for delinquency, at the suit of the State and at the suit of the United States. But the answer to this is that each government punishes for violation of duty to itself only. Where a person owes a duty to two sovereigns he is amenable to both for its performance, and either may call him to account. Whether punishment inflicted by one can be pleaded in bar to a charge by the other for the same identical act need not now be decided, although considerable discussion bearing upon the subject has taken place in this court, tending to the conclusion that such a plea cannot be sustained."

This was followed by a brief consideration of the cases to which we have referred, and their approval.

In *Cross* v. *North Carolina* (132 U. S. 131) the plaintiffs in error were convicted, under section 1029 of the Code of North Carolina, of the forging of a promissory note, made payable to a National

bank. A writ of error was sued out upon the ground that the offense of which they were convicted was cognizable only in the courts of the United States. It is true that the court held that the crime charged in the indictment was not included in section 5418 of the United States Revised Statutes, but the court, speaking through Mr. Justice HARLAN, said : " The argument in behalf of the plaintiffs in error fails to give effect to the established doctrine that the same act or series of acts may constitute an offense equally against the United States and the State, subjecting the guilty party to punishment under the laws of each government. This doctrine is illustrated in *United States* v. *Marigold* (9 How. 560, 569) ; *Fox* v. *Ohio* (5 id. 410, 433) ; *Moore* v. *Illinois* (14 id. 13), and *Ex parte Siebold* (100 U. S. 371–390)."

The cases cited, it will be observed, not only assert concurrent jurisdiction in certain cases, but answer the contention that the application of the rule would be a violation of the constitutional provision, " Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

The cases cited by the appellant are not in conflict with the position taken in those we have referred to.

They hold that it is within the constitutional power of Congress to confine to the courts of the United States jurisdiction of crimes arising under the laws of the United States. (*Claflin* v. *Houseman*, 93 U. S. 130 ; *The Moses Taylor*, 4 Wall. 411.)

And that section 711 of the Revised Statutes of the United States vested exclusive jurisdiction in the courts of the United States to try all offenders against the laws of the United States. (*People* v. *Fonda*, 62 Mich. 401 ; *Commonwealth* v. *Fenton*, 101 Mass. 204 ; *Ex parte Dock Bridges*, 2 Woods [U. S.], 428.)

But they do not decide that if the act which constitutes an offense against the laws of the United States be also an offense against the laws of a State that the State court is thereby deprived of the right to try the offender for his violation of the State law.

Indeed, it could not be so decided with reference to such acts as are declared to be crimes by title 70 of the Revised Statutes of the United States, and at the same time give any effect whatever to section 5328 of that title.

In *Dashing* v. *State* (78 Ind. 357) the court had under considera-

tion the sections now before us, and it held that section 711, construed with section 5328, does not operate to divest the States of the right and jurisdiction to enact and enforce their own criminal laws, though the acts made criminal thereby might also be made criminal by the laws of the United States.

The judgment of conviction should be affirmed.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment of conviction affirmed.