## Ex Parte GROOM.

(No. 6,692.)

(Submitted April 30, 1930.   Decided May 3, 1930.)

[287 Pac. 638.]

*Messrs. Carolan & Fenton,* for Complainant, submitted a brief; *Mr. Ernest E. Fenton* argued the cause orally.

*Mr. F. F. Haynes,* County Attorney of Rosebud County, for Respondent, C. S. Patterson, Sheriff of said County, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Informations were filed in the district court of Rosebud county charging Thomas Groom with the crime of receiving stolen property belonging to the United States. His arrest and imprisonment followed. He applied to this court for a writ of habeas corpus to secure his discharge from custody, on the ground that since the property in question belongs to the United States, the state court is without jurisdiction and that the federal courts have exclusive jurisdiction over the crimes.

Section 101, Title 18, U. S. C. A., provides: "Whoever shall receive, conceal, or aid in concealing, or shall have or retain in his possession with intent to convert to his own use or gain, any money, property, record, voucher, or valuable thing whatever, of the moneys, goods, chattels, records or property of the United States, which has theretofore been embezzled, stolen, or purloined by any other person, knowing the same to have been so embezzled, stolen, or purloined, shall be fined not more than $5,000, or imprisoned not more than five years, or both; and such person may be tried either before or after the conviction of the principal offender."

Section 11388, Revised Codes 1921, in part provides: "Every person who for his own gain or to prevent the owner from again possessing his own property buys or receives any personal property, knowing the same to have been stolen, is punishable by imprisonment in the state prison not exceeding five years or in a county jail not exceeding six months."

Section 711, United States Revised Statutes (sec. 371, Tit. 28, U. S. C. A.), in part provides: "The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States: First. Of all crimes and offenses cognizable under the authority of the United States."

It is contended by petitioner that because of section 711 the United States courts have exclusive jurisdiction of the

crime of receiving stolen property belonging to the United States and embraced within section 101. It is true that because of section 711 the courts of the United States have exclusive jurisdiction in cases prosecuted under section 101. But the informations here are not attempted to be prosecuted under section 101. If successfully prosecuted, the only punishment that may be inflicted is that imposed by section 11388.

It is only over offenses against the laws of the United States that the federal courts have exclusive jurisdiction, and offenses against state laws are cognizable only by the state courts. (*Hebert* v. *Louisiana*, 272 U. S. 312, 48 A. L. R. 1102, 71 L. Ed. 270, 47 Sup. Ct. Rep. 103.) The same Act, denounced as a crime by the state law, may constitute an offense against the federal laws, and yet the state court is not for that reason deprived of jurisdiction to try the accused. (*State* v. *Stevens,* 60 Mont. 390, 199 Pac. 256; *Cross* v. *State of North Carolina,* 132 U. S. 131, 33 L. Ed. 287, 10 Sup. Ct. Rep. 47; *Crossley* v. *State of California,* 168 U. S. 640, 42 L. Ed. 610, 18 Sup. Ct. Rep. 242; *People* v. *Arnstein,* 128 Misc. Rep. 176, 218 N. Y. Supp. 633; *State* v. *Frasier,* 94 Or. 90, 180 Pac. 520.)

Section 5328, United States Revised Statutes (sec. 547, Tit. 18, U. S. C. A.), which is part of the Code of Criminal Procedure of which section 101 is also a part, provides: "Nothing in sections 1 to 553, 567, 568 and 571 of this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." By virtue of this section it has been held that section 711, Revised Statutes, does not oust the state court of jurisdiction over an offense against the state laws which is also a crime under the federal statutes. (*Sexton* v. *People of California,* 189 U. S. 319, 47 L. Ed. 833, 23 Sup. Ct. Rep. 543; *People* v. *Welch,* 74 Hun, 474, 26 N. Y. Supp. 694, affirmed in 141 N. Y. 266, 38 Am. St. Rep. 793, 24 L. R. A. 117, 36 N. E. 328; *Dashing* v. *State,* 78 Ind. 357; see, also, *People* v. *Conti,* 127 Misc. Rep. 244, 216 N. Y. Supp. 442; *Hebert* v. *Louisiana,* supra; *People* v. *Burke,* 161

Mich. 397, 126 N. W. 446; *Weil* v. *Black*, 76 W. Va. 685, 86 S. E. 666; *Commonwealth* v. *Barry*, 116 Mass. 1.)

In *State* v. *Ferree*, 88 W. Va. 434, 107 S. E. 126, 127, the court held that the state court had jurisdiction of the crime of larceny of goods stolen from the possession of the United States while operating a railroad under federal control. In that case a special statute of Congress was. involved, but we think, on principle, that case is persuasive against the contention of petitioner here. In that case the court said: ''The indictment here runs in the name of the state and charges defendant with committing a crime against the peace and dignity of the state. There is no attempt to charge him with an offense prescribed by the federal statute. The Act of Congress evidences no purpose or intention to supersede the state statutes, nor to withdraw from the states, if that were possible, jurisdiction over crimes committed within a state. It matters not that the larceny charged may have been of the goods and chattels of the United States or the United States Railroad Administration, the state statutes are applicable to the larceny of the goods of anyone.

Reference is made to section 3 of Article IV of the Constitution of the United States, which provides, in part: ''The Congress shall have power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States.''

It is contended that section 11388, supra, in so far as it has application to property of the United States, operates as an invasion of the jurisdiction of the national sovereignty. But section 11388, when applied to property of the United States, is not any attempt by the state to regulate the property of the United States. It simply makes it a crime against the state to receive stolen property regardless of ownership. There is not any prohibition in section 3 of Article IV, supra, that prevents the state from making it an offense against the state to receive stolen property even though the property belongs to the United States.

The fact, as made to appear in the petition for the writ, that the property involved is property issued by the United States to its Indian wards, does not affect the legal principle involved here.

The district court of Rosebud county has jurisdiction over the offenses charged in the informations.

The proceeding is dismissed.

ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

MR. CHIEF JUSTICE CALLAWAY, being absent, did not hear the argument and takes no part in the foregoing decision.