No. 14284

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

JOHN EDWARD DAUGHERTY,

Defendant and Appellant.

---

Appeal from: District Court of the Second Judicial District,
Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

For Appellant:

Patrick D. McGee argued, Butte, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Sheri K. Sprigg argued, Assistant Attorney General,
Helena, Montana
John G. Winston, County Attorney, Butte, Montana
Michael E. Wheat argued, Deputy County Attorney,
Butte, Montana

---

Submitted: November 5, 1979

Decided: DEC 10 1979

Filed: DEC 10 1979

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant appeals from his conviction of forgery following a bench trial in the District Court of Silver Bow County.

In March, 1977, a federal tax return check was stolen from the mailbox of Hubert J. Worring in Butte, Montana. This check was allegedly endorsed and cashed at Ossello's by defendant John Edward Daugherty and Donna LaTray on March 28, 1977. They allegedly received a television set, a CB radio and some cash in the exchange.

After determining that the endorsement was forged, the federal government stopped payment on the check. Ossello's filed a complaint with the federal government about having to bear the loss on the forged check. Lee Scott, a special agent of the Secret Service, was assigned to investigate the matter in August, 1977.

Scott secured a description of the people who cashed the forged check and went to local law enforcement agencies to find someone who matched the description. Defendant, who was in the Silver Bow County jail on an unrelated drug charge, was listed as a possible suspect.

Scott went to the jail to question defendant. He advised defendant of his Miranda rights and secured a signed waiver of those rights. Scott secured a written statement and handwriting exemplars from defendant.

Application for leave to file an information against defendant was filed and the case received a number indicating it was to be tried in Department II of the District Court which is presided over by Judge Freebourn. The county attorney filed a notice for substitution of another judge. No judge was specifically called in by Judge Freebourn. Judge Olsen took the case.

On November 10, 1977, defendant was arraigned before

Judge Olsen on the forgery charge. He refused to enter a plea and Judge Olsen entered a not guilty plea on his behalf. Defendant objected at this time to being tried in a state court, arguing that the federal courts had exclusive jurisdiction over this matter since a federal tax return check was involved.

Having waived his right to a jury trial, defendant was tried on March 13, 1978, before Judge Olsen, Department No. I, Silver Bow County. Defendant again objected to the jurisdiction of this Court and the power of Judge Olsen to hear the case, contending the matter was within the exclusive jurisdiction of the federal courts and that Judge Olsen had been improperly substituted for Judge Freebourn.

Defendant was convicted of the crime of forgery and sentenced to ten years in the Montana State Prison. He appeals from this judgment and sentence.

Defendant specifically raises two issues for review on appeal:

1. Did the procedure used herein for the substitution of a District Court judge constitute reversible error?

2. Did the District Court lack subject matter jurisdiction because the crime involved a federal tax refund check?

Defendant contends that Judge Olsen did not have the power to hear the case and convict defendant because the rule on disqualification and substitution of judges was not followed. We agree.

Pursuant to 1972 Mont. Const., Art. VII, §2, this Court in December 1976, adopted a rule for disqualification and substitution of judges. The rule states, in pertinent part:

> "Any judge or justice of the peace must not sit or
> act in any action or proceeding:
>
> " . . .
>
> "4. In a district court, when a motion for a
> substitution of a judge had been filed. In a civil

case, each adverse party is entitled to two substitutions of a judge. In a criminal case, the state and each defendant is entitled to one substitution of a judge.

"A motion for substitution of a judge shall be made by filing a written motion for substitution reading as follows: 'The undersigned hereby moves for substitution of another judge for Judge _____ in this cause.' The clerk of court shall immediately give notice thereof to all parties and to the judge named in the motion. Upon filing this said notice the judge named in the motion shall have no further power to act in the cause other than to call in another judge, which he shall do forthwith, and to set the calendar.

"When a case is filed in a multi-judge district, it shall be the duty of the clerk of court to stamp the name of the judge to which the case is assigned on the face of the summons, order to show cause, or information and all copies thereof.

"Whenever a judge is assigned a case for ten consecutive days and the attorneys of record on both sides have knowledge of the assignment for that period of time, and if during this time no motion for substitution of a judge is filed against him, all rights to move for substitution of a judge shall be deemed waived by all parties, unless the presiding judge disqualified himself thereafter in which case the right to move for substitution of a new judge is reinstated and the ten day period starts running anew.

"Whenever a new party enters a case, the ten day period begins anew as to that party. During that time all other parties may file any motions for substitution of a judge allowed by this rule and not previously filed by them.

"Whenever an acceptance of jurisdiction is filed by a new judge it shall be the duty of the clerk of court, forthwith, to mail a copy thereof by certified mail with return receipt requested, to all attorneys of record. Service thereof may also be made by delivery of a copy personally, or by getting a written receipt from the attorneys therefor. Proof of service, however made, shall be stapled to the acceptance of jurisdiction so served, in said file." (Emphasis supplied.) 34 St.Rep. 26, 27.

This Court found a similar situation in Wheeler v. Moe (1973), 163 Mont. 154, 515 P.2d 679. One of the issues in that case concerned the power of a judge assigned to a case without formal notice after the disqualification of another judge in the same district. This Court found the actions of the second judge void. We stated:

"After the affidavit was filed, Judge Green was without jurisdiction to act further in the matter except in those limited instances outlined in the

- 4 -

> statute. The record does not disclose that another
> judge, including Judge Brownlee, was called in as
> provided for in the statute. No notice was given to
> the parties or their attorneys that another judge
> had been called in or that the action had been trans-
> ferred to another judge. Judge Green was without
> authority to act, and Judge Brownlee, presiding in
> Judge Green's stead and not having been called to
> assume jurisdiction, was also without authority to
> act in the matter." Wheeler v. Moe, supra, 515 P.2d
> at 682.

Research has revealed no published local court rule of the Second Judicial District regarding transfer of cause between the two departments upon disqualification of either one or the other of the judges. Our decision therefore is of necessity based on this Court's rule for disqualification and substitution as enumerated above.

A review of the record reveals that the District Court failed at nearly every step to follow that rule.

There is no evidence in the record which indicates that Judge Freebourn specifically called in Judge Olsen to handle the case nor is there any evidence that Judge Olsen filed an acceptance of jurisdiction. Further, there was a failure to deliver a copy of such acceptance of jurisdiction to the attorneys of record or to receive a written receipt from the attorneys therefor.

Coupled with the failure to follow the proper disqualification procedure, there is the lack of published local rules dealing with court practice in the Second Judicial District. At page 109 of the transcript, Judge Olsen states: " . . . it has been the rule, custom, and practice in this jurisdiction that when . . . a motion for substitution [of one judge is] submitted, the other judge in this district assumes jurisdiction." The failure to publish this variation on the Supreme Court rule constituted inadequate notice to the defendant that some procedure other than the Supreme Court rule was going to be used. In effect then the defendant was operating with one set of rules and the court with another. Such confusion cannot be tolerated and could easily have

been prevented by the publishing of the local rules. We strongly recommend that the judges of the Second Judicial District formulate and publish local court rules, and make copies of such rules available to all members of the bar who practice before their courts. Such local rules must be consistent with already formulated rules of this Court.

The judgment is reversed and defendant is granted a new trial. This cause is remanded to the District Court and presiding Judge Freebourn with instructions to call in another judge in conformity with this Court's Rule on substitution of judges at 34 St.Rep. 26.

The defendant's contentions as to the second issue are without merit. Forgery is prohibited by both federal and state laws and therefore the defendant may be tried in either a state or federal court. See section 45-6-325(1)(a), MCA; State v. Stevens (1921), 60 Mont. 390, 199 P. 256; Ex Parte Groom (1930), 87 Mont. 377, 287 P. 638.

Reversed and remanded.

_Frank I. Haswell_
Chief Justice

We concur:

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_
Justices