COMMONWEALTH *vs.* ESAD IBRAHIM & others.

Worcester.   September 28, 1903. — October 20, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Homicide. Practice, Criminal.*

Under R. L. c. 218, Schedule of Forms, Murder, a grand jury is authorized to present an indictment for murder in the second degree, St. 1899, c. 409, having changed the pre-existing law in this respect.

The trial of an indictment for murder in the second degree is not a capital case, and may be held before one justice of the Superior Court.

INDICTMENT for murder in the second degree, returned by the grand jury in the Superior Court for the County of Worcester on May 11, 1903.

The indictment was as follows : " The Jurors for the Commonwealth aforesaid, on their oath present That Esad Ibrahim, Hussien Ibrahim, Teyfic Bekir, and Jelaladdin Ahmid, each being of Northbridge in said County of Worcester, on the twenty-eighth day of April in the year of our Lord one thousand nine hundred and three, at Northbridge in said County of Worcester,

did assault and beat Arif Fainey with intent to murder him by striking and stabbing him in and upon the leg with a knife, and by such assault and beating did kill and murder Arif Fainey. And the jurors further say that the said defendants are guilty of murder in the second degree, and not in the first degree."

The defendants were tried in the Superior Court before *Gaskill*, J. Before the jury were impanelled or sworn, the defendants protested against going to trial before a single justice. The protest was overruled by the judge.

At the close of the evidence the judge ordered a verdict of not guilty in favor of the defendants Jelaladdin Ahmid and Teyfic Bekir.

The defendants asked for the following ruling: " This being an indictment for murder, the indictment is defective in that the grand jury and not the petit jury have found the degree of murder, and therefore the defendants and none of them should be held to answer the charge." The judge refused to make this ruling. The defendants Esad Ibrahim and Hussien Ibrahim asked for rulings that there was no evidence on which the jury could find them respectively guilty of the charge in the indictment. The judge refused so to rule.

The jury found the defendants Esad Ibrahim and Hussien Ibrahim each guilty of manslaughter, but not guilty of the residue of the indictment. These defendants alleged exceptions.

These defendants also filed a motion in arrest of judgment, on the grounds, first, that they had been indicted for murder in the second degree by the grand jury, and that the trial jury and not the grand jury had the right and power to find the degree of murder, and therefore that the indictment was defective, and the court had no jurisdiction to try it; and, secondly, that the court had no jurisdiction to try an indictment for murder with a single justice sitting, but that an indictment for murder could only be tried at a regular or special sitting of the court with two or more justices of the court sitting. The judge denied the motion, and the defendants Ibrahim appealed.

*F. F. Dresser*, (*A. F. Flint* with him,) for the defendants Ibraham.

*R. Hoar*, District Attorney, (*G. S. Taft*, Assistant District Attorney, with him,) for the Commonwealth.

KNOWLTON, C. J. The important question in this case grows out of the St. 1899, c. 409, (R. L. c. 218,) Schedule of Forms, Murder, in which we find these words, following the language which charges the crime: " (And the jurors further say that the defendant is guilty of murder in the second degree and not in the first degree). This may be added if murder in the first degree is not alleged." The indictment in the present case charges the defendants with murder in the second degree, following this form, and the case, not being considered capital, was tried before one justice, against the objection of the defendants, instead of before two justices. Prior to the enactment of this statute, under the St. 1858, c. 154 (re-enacted in the Gen. Sts. c. 160, §§ 1-7, Pub. Sts. c. 202, §§ 1-7, R. L. c. 207, § 1), although the murder might be in the first degree or in the second degree, the indictment always contained charges which, if proved, might constitute murder in the first degree, and the degree of murder was expressly found by the jury at the trial. *Commonwealth* v. *Gardner*, 11 Gray, 438. *Commonwealth* v. *Desmarteau*, 16 Gray, 1. *Opinion of the Justices*, 9 Allen, 585. *Green* v. *Commonwealth*, 12 Allen, 155, 170, 172. *Commonwealth* v. *Gilbert*, 165 Mass. 45, 58. These statutes and rules of law remain unchanged, except so far as they are modified by the form prescribed for an indictment for murder, and the accompanying statement from which we have quoted. In this there is an express provision for an indictment for murder in the second degree, whenever the grand jury do not deem it their duty to charge murder in the first degree. This language must be given effect unless there are other provisions or principles of law which render it nugatory.

No question of authority in the Legislature to permit such an indictment is raised. The whole subject, so long as there is no departure from constitutional requirements, is within legislative control. There being different degrees of the same offence, punishable differently, it is in accordance with the general theory of criminal pleading to provide for indictments showing the extent and degree of the criminality charged against the defendant. It is also in accordance with the practice in many of the States which recognize different degrees of murder. See *State* v. *Hamlin*, 47 Conn. 95, 117; *Kennedy* v. *State*, 6 Ind. 485;

*Fahnestock* v. *State*, 23 Ind. 231; *Snyder* v. *State*, 59 Ind. 105, 107; *State* v. *Bowen*, 16 Kans. 475; *Ward* v. *State*, 96 Ala. 100; *State* v. *Neeley*, 20 Iowa, 108; *State* v. *Gilchrist*, 113 N. C. 673. There is no good reason, either in principle or practice, why a grand jury should not be permitted in an indictment to charge a defendant with murder either in the first degree or in the second degree, according to their view of the evidence in the case. It seems plain that the Legislature intended to authorize this. The former statutes, which are re-enacted, are left in full force in all cases in which an indictment charges murder generally, which in legal effect may be murder in the first degree. In such cases, if the evidence at the trial leads the jury to a verdict of murder in the second degree, they so declare, as they make a like express declaration if they find the defendant guilty of the offence in the more aggravated form included in the charge. The provision that " the degree of murder is to be found by the jury," does not apply to cases in which no question in regard to the degree of the crime is presented to them. The defendant may plead guilty of murder in the first degree or in the second degree. *Green* v. *Commonwealth*, 12 Allen, 155. The plea if accepted determines his guilt, whether it be of one degree or the other, and the jury of trials do not consider it. In like manner a provision for an indictment for murder in the second degree does not conflict with this statute as to the duty of the trial jury to find the degree of guilt. It leaves them to perform that duty whenever an indictment in common form is before them, presenting a question as to the degree of the defendant's guilt. We are of opinion that this statute changed the pre-existing law by authorizing grand juries to present indictments for murder in the second degree.

The crime charged by such an indictment is not a capital crime. *Green* v. *Commonwealth*, 12 Allen, 155, 173. A capital crime is one punishable with the death of the offender. In this Commonwealth, for a long time, a different tribunal has been required for the trial of capital cases from that required for the trial of less heinous crimes. Rev. Sts. c. 82, § 26; c. 136, § 21. St. 1859, c. 282. Gen. Sts. c. 112, §§ 5, 8, 9, 19, 20; c. 114, § 6. St. 1869, c. 433, §§ 1, 2. St. 1872, c. 232. Pub. Sts. c. 150, §§ 5, 8, 18, 19; c. 152, § 6. St. 1891, c. 379, § 1. St.

1894, c. 204.  R. L. c. 157, §§ 7, 8.  In some of these statutes the words used are " a crime that is punishable with death," in some " a capital offence," in some " a capital crime," and in some " the crime of murder."   As prior to the year 1899 an indictment for murder always contained all the allegations necessary to warrant a verdict of guilty of murder in the first degree, every trial for murder was a capital case, and these special provisions in regard to the trial pertained to all alike.   As a trial upon an indictment for murder in the second degree is not a capital case, the R. L. c. 157, § 8, providing that the trial of the indictment in capital cases shall be heard before two or more justices, is not applicable to it.   This not only follows upon a true construction of the language of the statute, but it is analogous to the law and the practice in reference to a large number of crimes punishable by imprisonment for life.  R. L. c. 207, §§ 17, 21, 22, 24; c. 208, §§ 1, 2, 14, 33, 42; c. 209, §§ 5, 6, 14; c. 210, § 1; c. 206, § 2. The judge rightly held that the trial of the indictment might proceed before one justice.

The judge rightly refused to rule that there was no evidence to warrant a verdict of guilty against these defendants.   There were various circumstances, including the declarations of the deceased person, which well might satisfy the jury beyond a reasonable doubt that the fatal wound was not self-inflicted by the victim, but was inflicted upon him by the defendant Esad Ibrahim, as a part of an assault in which the two brothers were jointly engaged.

> *Exceptions overruled; order overruling motion in arrest of judgment affirmed.*