COMMONWEALTH *v.* ROCCO SCICCHITANI.

Middlesex.    November 28, 1921. — February 28, 1922.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Homicide. Pleading, Criminal,* Indictment.

If the evidence, at the trial of an indictment charging that the defendant "did assault and beat" a certain person "with intent to kill and murder him and by such assault and beating did kill and murder" him, tends to show that the defendant shot and killed the person named with deliberately premeditated malice aforethought, a verdict of guilty of murder in the first degree is warranted.

An indictment for a murder in the first degree, which was committed with deliberately premeditated malice aforethought, is sufficient if it is in the form described in G. L. c. 277, § 79, although the intent is not described as "deliberately premeditated."

INDICTMENT for murder, found and returned on November 24, 1920. The indictment is described in the opinion.

The trial in the Superior Court was before *Cox,* J. The defendant was found guilty, and, as described in the opinion, moved in arrest of judgment. The motion was denied. The defendant alleged exceptions.

*J. T. Zottoli,* for the defendant.

*C. W. Blood,* Assistant District Attorney, for the Commonwealth.

CARROLL, J.  The defendant was convicted of murder in the first degree upon an indictment, the material part of which is as follows: "The Jurors for the Commonwealth of Massachusetts on their oath present, that Rocco Scicchitani on the twenty-first day of November in the year of our Lord one thousand nine hundred and twenty at Cambridge, in the County of Middlesex aforesaid, did assault and beat one Thomas J. Riley with intent to kill and murder him and by such assault and beating did kill and murder said Thomas J. Riley."  There was evidence that the defendant shot and killed Riley with deliberately premeditated malice afore-thought; but there was no evidence that the homicide was committed by the defendant while in the commission or attempted commission of a crime punishable with death or imprisonment for life, or with extreme atrocity or cruelty.  At the close of the evidence the defendant requested the court to charge the jury: "On all the evidence the jury should not return a verdict of guilty of murder in the first degree."  The court refused to give this instruction and the defendant excepted.

After the verdict the defendant filed a motion in arrest of judgment, on the ground that there was no evidence that the homicide was committed by the defendant while engaged in the commission or attempted commission of a crime punishable with death or imprisonment for life; that no evidence was introduced to show that the homicide was committed with extreme atrocity or cruelty; that the only ground upon which the defendant could have been found guilty of murder in the first degree was that the homicide was committed with deliberately premeditated malice aforethought; that said indictment charged the defendant with committing murder with malice aforethought and not with deliberately premeditated malice aforethought; and that the jury had no right to convict the defendant of an offence greater than that charged in the indictment, to wit, murder in the second degree.  The court denied this motion; the defendant excepted thereto and appealed from the order of the court overruling the motion in arrest of judgment.

The defendant's request for the instruction "On all the evidence the jury should not return a verdict of guilty of murder in the first degree" could not have been given; and the exception to the refusal to give this instruction must be overruled.  The

statute in force at the time of the homicide provided that "Murder committed with deliberately premeditated malice aforethought, or with extreme atrocity or cruelty, or in the commission or attempted commission of a crime punishable with death or imprisonment for life, is murder in the first degree." R. L. c. 207, § 1. The bill of exceptions expressly states that "There was evidence upon which the jury might find that the homicide was committed with deliberately premeditated malice aforethought." As the jury could find on this evidence that the crime of murder in the first degree was committed, it was not material whether it was committed with extreme atrocity or cruelty, or in the commission or attempted commission of a crime punishable with death or life imprisonment. In *Commonwealth* v. *Min Sing*, 202 Mass. 121, 132, it was decided that "Under a charge of murder in the first degree, the proof may show that it is in that degree for either of the causes stated in the statute, or may show that it is in the second degree." See also *Commonwealth* v. *Best*, 180 Mass. 492, 496, 497.

The motion in arrest of judgment was denied properly. It was not necessary to charge in the indictment that the murder was committed with deliberately premeditated malice aforethought. An accusation of murder in the statutory form, without the words "deliberately premeditated," is a charge of murder in the first degree. The statute, R. L. c. 218, § 67, provides that "The provisions of this chapter, and the forms hereto annexed, shall apply as well to complaints as to indictments, and such forms shall be sufficient in cases to which they are applicable." The indictment is in the form prescribed for murder in the "Schedule of Forms of Pleadings" annexed to R. L. c. 218. The statutory form provides for a special clause to be inserted if murder in the first degree is not alleged. It is obvious that the statute does not make it necessary, in an indictment for murder in the first degree, to charge that the crime was committed with deliberately premeditated malice aforethought. In *Commonwealth* v. *Min Sing, supra*, 121, 132, the question was definitely decided, where the court, speaking through Knowlton, C. J., said: "The words, 'deliberately premeditated,' are not necessary to a charge of murder, and a charge in the statutory form without these words is a charge of murder in the first degree." This statute, R. L. c. 218, has been held to be constitutional. *Commonwealth* v.

*Jordan,* 207 Mass. 259, 266–268 ; affirmed in *Jordan* v. *Massachusetts,* 225 U. S. 167.    See *Commonwealth* v. *Wakelin,* 230 Mass. 567.

*Exceptions overruled.*
*Denial of motion affirmed.*