### COMMONWEALTH *vs.* JOSEPH DAVIS.

Norfolk.   February 6, 26, 1930.   March 27, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal,* Argument by defendant's counsel.

The extent of the punishment which may be imposed upon conviction of the defendant at the trial of an indictment is not a factor which the jury may take into consideration in determining the guilt or innocence of the defendant.

There was no merit in a contention by the defendant at the trial of an indictment, conviction under which might be followed by a sentence of imprisonment for life, that more definite evidence should be required for a conviction upon a charge involving a serious punishment than upon a trivial charge, and that therefore the jury should be informed of the nature of the punishment which might be imposed.

Counsel for the defendant having stated to the jury during his argument at the trial of an indictment, "The crime which the defendant is charged with may be punished with life imprisonment; it is a very serious charge that this defendant is on trial for," there was no error in a statement to such counsel by the trial judge, "You know that is improper and you cannot so argue to the jury."

INDICTMENT, found and returned on December 5, 1929, charging the defendant with robbery.

The indictment was tried in the Superior Court before *Brown*, J. The defendant was found guilty and alleged an exception, as described in the opinion.

*E. M. Shanley*, for the defendant.

*J. V. Sullivan*, Assistant District Attorney, for the Commonwealth, submitted a brief.

PIERCE, J. This was an indictment under G. L. c. 265, § 19, in which the defendant was charged with the robbery of John Landowsky on October 17, 1929. No contention is made that there was not evidence which required the submission of the case to the jury. "The charge was full and complete in relation to the necessary elements for the Commonwealth to establish in order to convict the defendant of the robbery set forth in the indictment." Upon conviction the defendant was sentenced to one year in the house of correction.

Counsel for the defendant, while arguing his case to the jury, said: "The crime which the defendant is charged with may be punished with life imprisonment; it is a very serious charge that this defendant is on trial for." Thereupon the assistant district attorney interrupted the defendant's counsel and said: "I object to that line of argument." The judge then said: "You know that is improper and you cannot so argue to the jury." The defendant duly excepted to the refusal of the judge to permit a continuance of the argument as above set forth. It is to be noted that the statement of counsel for the defendant as to the serious character of the offense charged and as to the maximum penalty which may be imposed for the crime of robbery was allowed to stand without other comment by the judge than "You know that is improper and you cannot so argue to the jury." Since *Commonwealth v. Anthes*, 5 Gray, 185, it has been the settled law in this Commonwealth that the jury in criminal trials have no rightful power to determine questions of law against the instructions of the court. Where the penalty which may be imposed upon the conviction of a crime rests in the discretion of the trial judge within specified limits, it is obvious that knowledge of the possible extent of the punishment cannot reasonably be weighed by

a jury in connection with evidence which they are required to consider and act upon.   Their speculation as to the extent of the punishment which might be imposed is not a fact in the determination of the guilt or innocence of the prisoner, and is not an element in the law which defines the nature of the crime of which the defendant stands charged.   The jury has no duty to perform in the assessment of the penalty and, therefore, no occasion to know what that punishment may be for the reason, as is contended by the defendant, that more definite evidence should be required to convict of a serious crime than of a trivial one.   The action of the trial judge in the case before us did not offend any right of the defendant. *Eggart* v. *State*, 40 Fla. 527, 543.   *Ford* v. *State*, 46 Neb. 390, 396.   *Russell* v. *State*, 57 Ga. 420.   *State* v. *Tetrault*, 78 N. H. 14, 16.

*Exceptions overruled.*