COMMONWEALTH *vs.* ANTHONY DiSTASIO.

Middlesex.    November 8, 1937. — December 1, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Criminal,* Verdict, Appeal with assignments of error. *Accessory.*
    *Res Judicata. Evidence,* Presumptions and burden of proof.

The sentence to be imposed upon an accessory before the fact to "murder" depended upon the degree of murder of which the principal was guilty.
The requirement of G. L. (Ter. Ed.) c. 265, § 1, that the degree of murder shall be found by the jury, does not apply at the trial of an indictment as accessory before the fact to murder.
The defendant at the trial of an indictment as accessory before the fact to a felony is not bound by a previous conviction of the principal, and the Commonwealth has the burden of proving the commission of the felony.

In reviewing sentence of death imposed after an unqualified verdict of
"guilty" upon an indictment charging that the defendant was acces-
sory before the fact to "murder," this court, upon examination of the
transcript sent up with a previous appeal in the case, determined that
the only issue tried and submitted to the jury had been the defend-
ant's guilt or innocence of being accessory before the fact to murder
in the first degree, and affirmed the sentence.

INDICTMENT, found and returned to the Superior Court
on May 10, 1935.

Following rescript ordering judgment on the verdict,
297 Mass. 347, a motion for new trial was denied and
sentence of death was imposed by *Dowd*, J. The defendant
filed an appeal with assignments of error.

*W. R. Scharton*, for the defendant.

*W. J. McCluskey*, Assistant District Attorney, for the
Commonwealth.

LUMMUS, J. One Frank DiStasio was convicted of mur-
der in the first degree in causing the death of Daniel Crowley
on May 6, 1935. Judgment on the verdict was ordered on
April 7, 1936. *Commonwealth* v. *DiStasio*, 294 Mass. 273.
An indictment was found against his son Anthony, the
present defendant, which charged that "Frank DiStasio
. . . did assault and beat Daniel Crowley with intent to
kill and murder him and by such assault and beating,
did kill and murder said Daniel Crowley. That Anthony
DiStasio before the said felony was committed, did incite,
procure, aid, counsel, hire or command the said Frank
DiStasio the said felony to do and commit." No objection
was taken to the use of the disjunctive "or" in the in-
dictment (*Commonwealth* v. *McKnight*, 283 Mass. 35, 38),
which followed the form under G. L. (Ter. Ed.) c. 277,
§ 79. But see *Commonwealth* v. *Min Sing*, 202 Mass. 121,
132, where the original papers show that the word "and"
was used. On June 2, 1936, the jury rendered a general
verdict of guilty, without addition or qualification, upon
that indictment. On appeal, we found no error, and on
May 27, 1937, ordered judgment on that verdict. *Com-
monwealth* v. *DiStasio*, 297 Mass. 347. The question now
raised concerns the judgment or sentence on that verdict.

G. L. (Ter. Ed.) c. 274, § 2, provides: "Whoever aids in the commission of a felony, or is accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed, shall be punished in the manner provided for the punishment of the principal felon." See also § 3. Ever since St. 1858, c. 154, murder, which previously had been invariably punishable by death, has been divided into two degrees, only one of which is punishable by death. G. L. (Ter. Ed.) c. 265, § 1, provides: "Murder committed with deliberately premeditated malice aforethought, or with extreme atrocity or cruelty, or in the commission or attempted commission of a crime punishable with death or imprisonment for life, is murder in the first degree. Murder which does not appear to be in the first degree is murder in the second degree. . . . The degree of murder shall be found by the jury." Section 2 provides: "Whoever is guilty of murder in the first degree shall suffer the punishment of death, and whoever is guilty of murder in the second degree shall be punished by imprisonment in the state prison for life." These statutes do not create two separate and distinct crimes, murder in the first degree and murder in the second degree, which must be pleaded accordingly. "The legislature manifestly considers murder as one kind or species of crime, the punishment of which may be more or less severe according to certain aggravating circumstances, which may appear on the trial." *Commonwealth* v. *Gardner*, 11 Gray, 438, 444. *Commonwealth* v. *Desmarteau*, 16 Gray, 1, 15, 16. *Green* v. *Commonwealth*, 12 Allen, 155, 170–174. An indictment for murder may, it is true, charge the degree of the crime; but the usual practice is to charge murder simply, and leave the degree to be stated by the jury in their verdict. *Commonwealth* v. *Ibrahim*, 184 Mass. 255. *Commonwealth* v. *Scicchitani*, 240 Mass. 402. It is evident from this recital of the relevant statutes, that the sentence which may and must be imposed upon the present defendant, Anthony DiStasio, depends upon the degree of the murder committed by his father, Frank DiStasio.

Has the degree of the murder committed by Frank

DiStasio been lawfully determined for the purpose of imposing sentence upon Anthony DiStasio?   This question was not presented by any of the assignments of error upon the earlier appeal, and therefore was not considered or decided in our former opinion.   The jury did not find expressly that the crime of Frank DiStasio was murder in the first degree rather than murder in the second degree. It would have been better practice to take from the jury an express finding as to the degree of murder of which Frank DiStasio was guilty.   But the statutory requirement that "The degree of murder shall be found by the jury" does not by its terms apply in a trial for a crime other than murder.  *State* v. *Buzzell*, 59 N. H. 65, 69.   *Fuerst* v. *State*, 115 Tenn. 357.   *Wallace* v. *State*, 180 Ark. 627, 632.   The judge, on July 7, 1937, imposed sentence of death upon the present defendant, and that sentence could be warranted only upon the theory that the crime of Frank DiStasio had been established as murder in the first degree.   The defendant had seasonably raised the question whether such a sentence, or any sentence, could lawfully be imposed upon the verdict, by making a motion for a new trial, and excepting to its denial, and also by excepting to the action of the judge in proceeding to impose sentence.   The case comes here upon the defendant's appeal, with a summary of the record, a transcript of the evidence, and an assignment of errors, all in accordance with G. L. (Ter. Ed.) c. 278, §§ 33A–33G.   Although in form there are two assignments of error, the only question raised is the one stated at the beginning of this paragraph.

The Commonwealth contends that the defendant has been found to be accessory before the fact to whatever degree of murder Frank DiStasio committed, and that to determine the degree we have only to look at the judgment rendered against the latter.   But an accessory is not bound by the verdict or judgment against the principal.   An accessory by our statute may now be tried before the principal.  G. L. (Ter. Ed.) c. 274, § 3.   *Commonwealth* v. *Smith*, 11 Allen, 243, 258.   *Commonwealth* v. *Felton*, 101 Mass. 204, 206.   *Commonwealth* v. *Glover*, 111 Mass. 395, 401.

*Commonwealth* v. *Desatnick*, 262 Mass. 408, 413. *State* v. *Ricker*, 29 Maine, 84. Obviously in such case the accessory may defend on the ground that the Commonwealth has failed to prove the commission by the principal of the felony charged. *Commonwealth* v. *Asherowski*, 196 Mass. 342, 345, 346. *State* v. *Rand*, 33 N. H. 216, 224. Where the principal had already been tried and convicted, the accessory even at common law was not bound by the conviction of the principal felon, but was entitled to retry his guilt, whatever may have been the effect of the conviction in changing the burden of proof or in creating *prima facie* evidence or a presumption. *Commonwealth* v. *Knapp*, 10 Pick. 477, 482, *et seq.* *Commonwealth* v. *York*, 9 Met. 93, 123. *United States* v. *Hartwell*, 3 Cliff. 221. *Havener* v. *United States*, 15 Fed. (2d) 503. *State* v. *Ricker*, 29 Maine, 84, 90. *Levy* v. *People*, 80 N. Y. 327. *Buck* v. *Commonwealth*, 107 Penn. St. 486, 490. *Baxter* v. *People*, 2 Gilman, 578. *Studstill* v. *State*, 7 Ga. 2, 11. *State* v. *Gargano*, 99 Conn. 103. *People* v. *Beintner*, 36 N. Y. Crim. Rep. 336. Wigmore, Evidence (2d ed.). § 1079. This was conceded in the present case by the prosecuting attorney, and was recognized by the judge when he told the jury in his charge that the Commonwealth had the burden of proving that Frank DiStasio murdered Daniel Crowley. The record of conviction of Frank DiStasio was not offered in evidence, and consequently we have no occasion to consider its admissibility or its effect if admitted.

The Commonwealth contends further that an indictment in the form used in this case charges in legal effect that the murder was in the first degree, and invokes the principle that a general verdict of guilty, without qualification, means guilty of the full offence charged. *Commonwealth* v. *Call*, 21 Pick. 509, 514. *Jennings* v. *Commonwealth*, 105 Mass. 586. *Commonwealth* v. *Lowery*, 149 Mass. 67. *People* v. *Rugg*, 98 N. Y. 537, 551, 552. See also *Commonwealth* v. *Stebbins*, 8 Gray, 492, 496; *Commonwealth* v. *Lang*, 10 Gray, 11, 13. True, it has been said that "An accusation of murder in the statutory form, without the words 'deliberately premeditated,' is a charge of murder in the first

degree." *Commonwealth* v. *Scicchitani*, 240 Mass. 402, 404. But it is equally a charge of murder in the second degree, for it embodies "every shade or degree of the crime" and "includes the higher as well as the lower grade to which different punishments are attached." *Green* v. *Commonwealth*, 12 Allen, 155, 170, 173. The verdict of guilty in this case remains ambiguous, if we look only at the indictment and the verdict. *Commonwealth* v. *Williamson*, 2 Va. Cas. 211 (1820). *Thomas* v. *State*, 43 Tex. Cr. 20. Compare *Craemer* v. *Washington*, 168 U. S. 124.

But we may look beyond the indictment and the verdict. The transcript sent to us upon the present appeal, under G. L. (Ter. Ed.) c. 278, § 33E, does not include the proceedings at the trial which are material to the interpretation of the verdict involved in the errors assigned. See *Commonwealth* v. *Desatnick*, 262 Mass. 408, 415, 416. The full transcript of the evidence taken at the trial is in our files by reason of the earlier appeal. We have examined it (*National Fire Ins. Co.* v. *Thompson*, 281 U. S. 331, 336; *West Ohio Gas Co.* v. *Public Utilities Commission of Ohio*, 294 U. S. 63, 70), and find in it enough to enable us to interpret the verdict.

We assume in favor of the defendant that one can be an accessory before the fact to murder in the second degree. *Jones* v. *State*, 13 Texas, 168, 186, 187. *Hewitt* v. *State*, 43 Fla. 194, 199, 200. *Mathis* v. *State*, 45 Fla. 46, 67–69. *Hagan* v. *State*, 10 Ohio St. 459. Wharton, Crim. Law (12th ed. 1932) §§ 272, 680. Compare *Commonwealth* v. *Chiovaro*, 129 Mass. 489, 493, 494. But the history of the murder in question, as it appears in our former decision and in the transcript of the evidence upon the earlier appeal, shows that the theory of the case for the Commonwealth was that the murder of Crowley was planned for the purpose of obtaining a corpse which could be shown to insurers as that of Frank DiStasio, and was clearly murder in the first degree. The case was tried on the theory that the crime attributed to Frank DiStasio was murder in the first degree, and that the defendant was charged with being accessory to such a murder, and not to murder in the

second degree.   See *Commonwealth* v. *Devereaux*, 256 Mass.
387, 393, 394; *Commonwealth* v. *Clark*, 292 Mass. 409, 415.
*People* v. *Martone*, 256 N. Y. 395.   Early in the trial counsel
for the defendant said in argument to the judge that "As
accessory before the fact they [the jury] either must find
him guilty of the charge in the indictment or not guilty.
There is no lesser degree . . . either he is guilty, as charged
in the indictment, or not guilty, and yet, carrying with it,
the death penalty."   In his argument to the jury counsel
for the defendant said, "If you find him guilty as charged,
you are dooming him to the electric chair.   There is only
one penalty."   It is true that later in the argument to the
jury counsel for the defendant showed some appreciation
of the present question when he said:   ". . . Did Frank
DiStasio murder Daniel Crowley? . . . We never have had
such a situation as this before in Massachusetts.   What
degree of murder do you find, — first, second, or man-
slaughter?   His Honor will charge you as to that, and we
will listen as to what he has to say upon that subject with
interest."   When the judge came to charge the jury, all he
said on the subject was this: "The government must prove
to you that a murder has been committed.   I may, perhaps,
read the statute on murder, so that you may have in your
minds from the very beginning just what the government
must prove.   Under . . . [G. L. (Ter. Ed.) c. 265] Section
1 sets out the crime of murder, which the government will
have to prove in this case: 'Murder committed with delib-
erately premeditated malice aforethought or with extreme
atrocity or cruelty, or in the commission or attempted com-
mission of a crime punishable with death or imprisonment
for life is murder in the first degree.' "   He then explained
the meaning of the words "deliberately premeditated malice
aforethought."   To all this the defendant took no excep-
tion, very likely because the effect of it was to preclude any
conviction unless the defendant should be proved guilty of
being accessory to murder in the first degree.   That effect
was emphasized by the further instruction: "If he is
guilty, gentlemen, say so; if he is not guilty, gentlemen,
say so, and no more."   The judge said nothing that would

permit the jury to find the defendant guilty of being accessory before the fact to murder in the second degree. The defendant did except to the following instruction: "If you believe all the evidence the government presented as to the crime of murder committed by Frank DiStasio, I will instruct you that you are warranted in finding that Frank DiStasio committed the crime of first degree murder when he murdered Daniel Crowley." That exception was disposed of on the earlier appeal. *Commonwealth* v. *DiStasio*, 297 Mass. 347, 366.

Thus it appears that the only question submitted to the jury was whether or not the defendant was guilty of being accessory before the fact to murder in the first degree. The jury by their verdict have responded to the question submitted to them. *Commonwealth* v. *Anthes*, 5 Gray, 185, 200. *Commonwealth* v. *Davis*, 271 Mass. 99, 100. *Commonwealth* v. *Richmond*, 207 Mass. 240, 251. *Commonwealth* v. *Festo*, 251 Mass. 275, 279, 282. *Commonwealth* v. *Jacobson*, 260 Mass. 311, 329. *Commonwealth* v. *Millen*, 289 Mass. 441, 479. *State* v. *Buzzell*, 59 N. H. 65, 69, 70. The verdict of guilty was a finding that the crime of Frank DiStasio was murder in the first degree. The sentence of death was lawfully imposed.

*Judgment affirmed.*