HENRY P. GRADY vs. TREASURER OF THE COUNTY OF
WORCESTER.

Worcester.    March 8, 1967. — June 12, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Attorney at Law. Practice, Criminal,* Assistance of counsel, Assigned
counsel. *Accessory. Homicide.*

Counsel assigned by a court under G. L. c. 277, § 47, to represent an in-
digent prisoner under indictment for a "capital crime" is entitled under
§§ 55 and 56 to be paid his compensation and expenses by the county.
[704]
An indictment of one as an accessory before the fact to a first degree mur-
der sets out "a capital crime" within the meaning of G. L. c. 277, § 47.
[704]

PETITION filed in the Superior Court on March 22, 1966.

The case was heard by *Meagher, J.*

*James C. Donnelly* for the respondent.

*Henry P. Grady,* pro se.

REARDON, J.   This petition is brought to enforce pay-
ment of a bill for services rendered by the petitioner in de-
fending one Edwards who had been indicted by the Worces-
ter grand jury as an accessory before the fact of the murder
of Norman F. Gagne by Nelson S. Brown.   The petitioner
had been a practicing attorney for thirty years at the time
of his appointment by a judge of the Superior Court.   As
counsel for Edwards he appeared before the court and per-
formed services for him, rendering thereafter a bill for
$759.75.   The bill was presented to the district attorney of
Worcester County, approved by him and subsequently ap-
proved and ordered paid by a judge of the Superior Court
in a final decree following upon findings of fact and rulings
of law reflected in the foregoing recitation.   The county
treasurer has appealed from the final decree.   The issue
presented by the case concerns the liability of the county
for payment of compensation to counsel assigned by a judge

to undertake the defence of an indigent defendant indicted as an accessory before the fact to first degree murder.

The county argues that there is no provision for payment to the petitioner in that §§ 55 and 56 of G. L. c. 277[1] have limited compensation for services and expenses of counsel incurred in the defence of indictments which charge murder. The county relies also on Rule 95 of the Superior Court (1954).[2] It has been the law in this Commonwealth, at least since 1820, that a defendant under indictment for "a capital crime" may have counsel by assignment of the court when he does not plead guilty. G. L. c. 277, § 47.[3] During this time, this court had not discussed its possible authority to allow counsel fees, it being the custom of assigned counsel to serve without compensation as a part of their professional obligations. *Attorney Gen. petitioner,* 104 Mass. 537, 543. The passage of the predecessors of G. L. c. 277, §§ 55 and 56, was apparently designed to rectify this situation and the court has construed these provisions as supplementing G. L. c. 277, § 47. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 26. *Commonwealth* v. *Millen,* 289 Mass. 441, 453. *Allen* v. *Commonwealth,* 324 Mass. 558, 561. That §§ 55 and 56 were intended to provide compen-

---

[1] "A justice of the court, sitting at the trial or other proceedings upon an indictment for murder, may allow reasonable compensation for the services of counsel assigned to defend the prisoner if he is otherwise unable to procure counsel, and such compensation shall be paid by the county where the indictment is found." (G. L. c. 277, § 55.)

"The reasonable expenses incurred and paid by counsel assigned by the court for the defence of a person indicted for murder, who is otherwise unable to procure counsel, shall be paid by the county where the indictment is found after approval by a justice sitting at the trial or other proceedings of the case." (G. L. c. 277, § 56.)

See G. L. c. 213, § 8: "The courts shall, respectively, receive, examine and allow accounts for services and expenses incident to their sittings in the several counties and order payment thereof out of the respective county treasuries."

[2] "The court may assign counsel for a defendant charged with murder, who is unable to procure counsel, but will not allow compensation for the services of counsel if the charge in the indictment is limited to murder in the second degree or if such services were performed after it appeared that a conviction in the first degree will not be asked."

[3] See also St. 1820, c. 14, § 8; St. 1832, c. 130, § 6; Rev. Sts. c. 81, §§ 15 and 16; Gen. Sts. c. 112, §§ 8, 9 and 20; Pub. Sts. c. 150, § 19; St. 1891, c. 379, § 4; St. 1893, c. 365; R. L. c. 157, § 10.

M———————— v. W————————.

sation and expenses of counsel duly assigned under § 47 finds further expression in Rule 95 of the Superior Court (1954). That rule allows compensation only for the defence of indictments charging murder in the first degree even though the term "murder" as contained in §§ 55 and 56 is used without reference to degree. We are of the opinion that counsel assigned to defend one under indictment for a "capital crime" under § 47 is entitled to compensation and expenses under §§ 55 and 56.

An accessory before the fact "shall be punished in the manner provided for the punishment of the principal felon." G. L. c. 274, § 2. Murder in the first degree may be punishable by death. G. L. c. 265, § 2. The indictment of Edwards as an accessory before the fact of first degree murder sets out "a capital crime" within the meaning of c. 277, § 47. See *Commonwealth* v. *Ibrahim,* 184 Mass. 255, 258. His indictment was in no sense different in degree from that brought against Brown and the punishment to which he was liable was equal. *Commonwealth* v. *DiStasio,* 297 Mass. 347. *Commonwealth* v. *DiStasio,* 298 Mass. 562. It is thus our view that the county is liable for compensation to the petitioner in accordance with his petition.

In the circumstances of this case it is unnecessary to determine whether art. 10 of the Constitution of the Commonwealth, Part I, and G. L. c. 213, § 8, are pertinent to its decision. Cf. *Abodeely* v. *County of Worcester, post,* 719.

*Decree affirmed.*