JAMES BALAKIN, JR., *vs.* COMMONWEALTH. March 1, 1972. This matter is before us on exception to the sustaining of the respondent's demurrer to Balakin's petition for a writ of error. He was found guilty by a jury of having been an accessory before the fact to the offence of confining one Elizabeth Constantine for the purpose of stealing from a bank. On appeal, the judgment was affirmed. *Commonwealth* v. *Balakin,* 356 Mass. 547. He contends that "as a matter of law and fact . . . it was error" for a judge of the Superior Court to "sentence him, without first sentencing the [p]rincipal." This contention is devoid of any merit. See *Commonwealth* v. *DiStasio,* 298 Mass. 562, 565; *Commonwealth* v. *Bloomberg,* 302 Mass. 349, 353; *Commonwealth* v. *Benjamin,* 358 Mass. 672, 680–681. We are unable to refrain from inferring that counsel representing the petitioner was fully aware of the barren basis for bringing this petition. It was originally brought by the petitioner acting pro se. Hopefully, perhaps the following comment in the opinion in the recent matter of *Belbin* v. *Picard,* 454 F. 2nd 202, 204 (1st Cir.), may serve a useful purpose. "[T]he right to counsel is not a right to demand that counsel seek what counsel knows, because of his legal wisdom, the prisoner is not entitled to. . . . Even as a supposed favor to the . . . [petitioner], counsel's readiness to seek . . . relief was misplaced."

*Exceptions overruled.*

The case was submitted on briefs.

*Reuben Goodman & Robert V. Greco* for the petitioner.

*Robert H. Quinn,* Attorney General, & *Edward W. Kirk,* Deputy Assistant Attorney General, for the Commonwealth.